UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
OCT 27 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

Alireza Salemi,
Plaintiff,

v.

City of Carlsbad,
Carlsbad Police Department,
San Diego County District Attorney's Office,
Encinitas Union School District,
John Does 1-10 (Unknown Individuals, including law enforcement officers, school district employees, or agents acting in concert with Defendants),

Defendants.

Case No.: '25CV2934 DMS MSB

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983)

DEMAND FOR JURY TRIAL

Plaintiff Alireza Salemi, appearing pro se, complains and alleges as follows pursuant to the official non-prisoner civil rights complaint form (Pro Se 15) available at uscourts.gov/forms/pro-se-forms and consistent with guidelines from the U.S. District Court for the Southern District of California:

## I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of certain protections guaranteed to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution.
2. Federal question jurisdiction exists under 28 U.S.C. § 1331. Supplemental jurisdiction over any state-law claims exists under 28 U.S.C. § 1367.
3. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in San Diego County, California, and Defendants reside in this judicial district.
4. All claims are timely under California's two-year statute of limitations for § 1983 actions (Cal. Code Civ. Proc. § 335.1), as the violations are ongoing and constitute a continuing course of conduct, with recent incidents occurring within the limitations period (e.g., from 2023 to October 2025).

## II. PARTIES

5. Plaintiff Alireza Salemi is an individual residing in Carlsbad, San Diego County, California.
6. Defendant City of Carlsbad is a municipal corporation and political subdivision of the State of California, responsible for the actions, policies, practices, and customs of its employees and agents, including those of the Carlsbad Police Department.
7. Defendant Carlsbad Police Department is a department of the City of Carlsbad, acting under color of state law, with responsibility for law enforcement and investigations in Carlsbad.
8. Defendant San Diego County District Attorney's Office is a department of San Diego County, acting under color of state law, with responsibility for investigating and prosecuting crimes in San Diego County.
9. Defendant Encinitas Union School District is a public school district in San Diego County, acting under color of state law, responsible for the supervision, safety, and protection of students, including Plaintiff's minor son, and for the actions, policies, practices, and customs of its employees and agents.
10. Defendants John Does 1-10 are fictitious names for unknown individuals who directly participated in or conspired to commit the violations described herein, including but not limited to law enforcement officers, school district employees, government agents, or persons acting in concert with the named Defendants under color of state law. Their true identities are unknown to Plaintiff at this time but will be ascertained through discovery and amended into this complaint pursuant to Fed. R. Civ. P. 15. All Defendants acted under color of state law.

## III. STATEMENT OF FACTS

11. Beginning around 2016 and continuing through October 2025, Plaintiff has been subjected to a relentless, coordinated campaign of harassment, intimidation, physical harm, and threats targeting himself and his minor autistic son (age 12). This campaign involves subtle tactics with plausible deniability but forms a clear pattern of deliberate indifference, state-created danger, and abuse of authority by Defendants.
12. **Stalking and Intimidation Incidents (Ongoing, Including Recent)**: Individuals repeatedly block Plaintiff's path, invade his personal space, linger near his doorstep or hotel rooms, and make triggering gestures (e.g., finger pointing down as signals, documented in videos). This occurs daily upon leaving home or work. At Plaintiff's workplace, supervisors and colleagues have damaged his laptop. Vehicles are used to block his car, prevent lane changes, and create unsafe conditions. On October 6, 2025, in a Carlsbad grocery store, two men (one in yellow shirt, one Indian man in white hat) intercepted Plaintiff's path multiple times, made false accusations, and threatened violence with a water bottle (potential violations of Cal. Penal Code §§ 240, 422, 646.9). These acts constitute a pattern of harassment under color of law.
13. **Property Damage (Ongoing, Including Recent)**: Unexplained damage to Plaintiff's home and possessions, including holes in walls/floors, punctured refrigerator liner, destroyed landscaping/furniture, and damaged packages (e.g., Pottery Barn shipments arriving ruined). No forced entry evident. Carlsbad Police dismissed reports as "wear and

tear" or self-inflicted, refusing investigation (e.g., multiple verbal reports ignored from 2023–2025). Total property losses exceed $100,000.

14. **Physical Harm and Poisoning (Recent Incidents)**: Plaintiff experienced burning sensations body-wide after lunch on October 16, 2025 (reported to Carlsbad Police Officer Hecker, Case #250087291; Poison Control advised possible bacterial cause). In June 2025, Carlsbad hotel water became "slimy"; a stranger whispered "The water here is super soft," leading up to 4mm gum recession and enamel erosion (dentist-confirmed). On September 9, 2025, post-dental visit, a stranger (male, 40s, dark jacket) muttered "Torture, torture." Doctors are told to patriciate in attacks and not provide appropriate care.
15. **Threats and Harm to Minor Son, Including by Encinitas Union School District (Ongoing, Including Recent)**: Explicit threats include "Is getting hurt worth it?" and "Be grateful they haven't killed your minor son." Plaintiff's autistic son sustained unexplained injuries in supervised settings: (a) 2018 deep genital laceration at home (Rady Children's Hospital ER; delayed treatment, no forensic exam/CPS report); (b) July 27, 2021 finger slice to bone at La Jolla Shores surf camp (no immediate notification or report despite supervision protocols); (c) 2023 finger fracture at Encinitas Union School District playground (no notification, unsupervised despite autism needs, in violation of mandatory reporting laws under Cal. Penal Code § 11166). The District's failure to supervise and report injuries to Plaintiff's son, combined with its inaction on reported harassment (e.g., ongoing taunts and exclusion reported to school staff in 2023–2025), constitutes deliberate indifference and contributes to the harassment campaign. Recent threats in 2025 exacerbate this ongoing violation.
16. **Additional Physical Damages Inflicted on Plaintiff**: The campaign has caused a series of escalating physical injuries to Plaintiff: tinnitus starting August 31, 2019; neck issues on January 28, 2020; right hip pain on July 14, 2020; burning sensation of the skin mid-July 2020; low right back and right knee pain on August 18, 2020; left hip burning and pain on August 23, 2020; left butt muscle pain on August 29, 2020; night blindness recognized on October 3, 2020; right knee pain on October 11, 2020; whole body hurting and burning on October 14, 2020 after visiting Dr. Tagdiri; permanent eye floater in right eye on October 30, 2020, Permanent eye floater in right eye on October 30, 2020, Bright halos at night starting November 14, 2020, second eye floater in left eye on December 1, 2020, Pain in top right of left leg and left butt area starting December 14, 2020, additional left eye floater on December 18, 2020, pulsatile tinnitus all night on December 29, 2020, left shoulder injection on May 21, 2021, causing frozen shoulder with labral tear; and tooth erosion from demineralized water in hotel from July to September 2025. These symptoms align with known effects of Havana Syndrome (e.g., head pressure, tinnitus, dizziness) and radiation exposure (e.g., skin burning, pain in muscles and joints, vision issues), as corroborated by medical literature and private investigator findings.
17. Private investigators confirmed government corruption and radiation; one required burner phones. Two attorneys identified patterns as law enforcement and institutional intimidation but declined representation. Plaintiff reported to Defendants (e.g., Carlsbad PD multiple times 2023–2025; DA email October 4, 2025 to SanDiegoDA@sdcda.org, no response; Encinitas Union School District complaints ignored) and federal entities (FBI #2346776, DOJ OIG), with no action. Over 300 outreach attempts (e.g., ACLU, NLG, GAP, Rep. Luna) yielded silence.

18. These facts are supported by evidence being compiled for discovery, including an incident timeline (2023–2025 focus), medical records (e.g., Rady ER, Dr. Robert Afra, dental reports), private investigator statements, photos, police reports (#250087291), emails, school district correspondence, and TikTok videos (@al18476).

## IV. LEGAL CLAIMS

19. **First Claim (42 U.S.C. § 1983 - Fourteenth Amendment Substantive Due Process)**: Defendants' deliberate indifference to Plaintiff's reports of harm created or exacerbated a state-created danger, depriving Plaintiff and his son of substantive due process rights. Encinitas Union School District's failure to supervise, report injuries, or address harassment of Plaintiff's son is a key component.
20. **Second Claim (42 U.S.C. § 1983 - Fourth Amendment)**: Defendants' intrusions, property damages, and physical harms constitute unreasonable searches and seizures without warrant or justification.
21. **Third Claim (42 U.S.C. § 1983 - Fourteenth Amendment Equal Protection)**: Defendants, including Encinitas Union School District, selectively refused to investigate or protect Plaintiff and his son compared to similarly situated individuals, denying equal protection through arbitrary or discriminatory enforcement.
22. **Fourth Claim (Monell Liability under 42 U.S.C. § 1983)**: Defendants maintain unconstitutional policies, customs, or failures to train/supervise causing these violations (e.g., dismissing harassment reports, ignoring child endangerment, tolerating intimidation). Encinitas Union School District's failure to train staff on mandatory reporting (Cal. Penal Code § 11166) or harassment response is a contributing custom.
23. **Fifth Claim (Conspiracy under 42 U.S.C. § 1983)**: Defendants conspired to deprive Plaintiff of his constitutional rights through coordinated inaction and facilitation of the harassment campaign, evidenced by synchronized patterns across law enforcement, the DA's Office, and the School District.
24. **Supplemental State Claims**: Under supplemental jurisdiction, Defendants violated California's Bane Act (Cal. Civ. Code § 52.1) through threats, intimidation, and coercion; committed negligence (Gov't Code § 815.2) by failing to protect against known dangers; and inflicted intentional emotional distress through extreme and outrageous conduct. Encinitas Union School District's negligence in supervision and reporting directly harmed Plaintiff's son.

## V. INJURIES

25. Defendants' actions caused Plaintiff severe and permanent physical injuries (e.g., tinnitus from August 31, 2019; neck issues from January 28, 2020; hip, back, knee, butt muscle pains from July–August 2020; night blindness from October 3, 2020; whole body pain from October 14, 2020; eye floater from October 30, 2020; tooth erosion from demineralized water July–September 2025; ongoing Havana Syndrome-like symptoms), profound emotional distress (anxiety, depression, fear for life), harm to his minor son (physical injuries, trauma), medical expenses (exceeding $50,000, with $1,000,000+

projected), property losses over $150,000, loss of enjoyment of life, and diminished earning capacity. These harms align with recent §1983 cases in California: (e.g., $115.8 million settlement in *Chavira v. FCI*, 2024, for civil rights violations; $25 million in *Cervantes v. County of Los Angeles*, 2024, for excessive force; $19.992 million in *Klene v. Riggs*, 2024, for wrongful conviction; $15 million in *Estate of Serna v. County of San Diego*, 2024, for wrongful death; $65 million in *Burum v. County of San Bernardino*, 2020, for malicious prosecution).

## VI. RELIEF

Plaintiff requests:
a. Declaratory judgment that Defendants violated Plaintiff's federal and state rights.
b. Permanent injunction requiring Defendants to investigate the harassment, cease involvement, provide protective measures for Plaintiff and his son (e.g., CPS safety plan), and implement training reforms.
c. Compensatory damages exceeding $100,000,000 for physical injuries, emotional distress, medical expenses, property damage, and other losses.
d. Punitive damages against individual Defendants exceeding $50,000,000 to punish and deter willful misconduct.
e. Costs, expenses, and attorney's fees under 42 U.S.C. § 1988 and Cal. Civ. Code § 52.1(h).
f. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial under Fed. R. Civ. P. 38 on all triable issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Dated**: October 22, 2025

**/s/ Alireza Salemi**
Alireza Salemi, Pro Se
2735 Palomar Airport Road
Carlsbad, CA 92009
(720) 208-8755
alireza.salemi@udo.edu

**Note**: Plaintiff will provide supporting evidence (e.g., incident timeline, medical records, police reports, TikTok videos @al18476) during discovery or upon court request, as compilation is ongoing.

G

US POSTAGE AND FEES PAID
GROUND ADVANTAGE IMI
Oct 23 2025
Mailed from ZIP 92009
4 OZ GROUND ADVANTAGE RATE
ZONE 1
14170226
Commercial

endicia

**USPS GROUND ADVANTAGE**

ALIREZA SALEMI
2735 PALOMAR AIRPORT RD
CARLSBAD CA 92009

C037 0001

Shipped using PostalMate
Pkg:199567

SHIP TO:
U.S DISTRICT COURT,SOUTHERN DISTRICT OF CA
ATTN:CLERK OF COURT
333 W Broadway
STE#420
SAN DIEGO CA 92101

**USPS TRACKING #**

9400 1508 9956 1134 9982 07

RECEIVED
OCT 27
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIF
BY

