UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Alireza SALEMI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>Defendants. | Case No.: 25-cv-2934-AGS-MSB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION (ECF 5) AND DENYING MOTION TO ELECTRONICALLY FILE (ECF 6)** |
|---|---|

Plaintiff Alireza Salemi, proceeding without an attorney, requests reconsideration of the denial of his petition to proceed *in forma pauperis* and has attached a now-complete IFP request. (*Compare* ECF 4 *with* ECF 5.) Despite the motion's styling as one for reconsideration, the Court will instead treat it as a new motion for IFP, since reconsideration is an "extraordinary remedy," *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), that "should be used sparingly," *Bennett v. United States*, No. 23-cv-01140-BAS-BLM, 2025 WL 745870, at *2 (S.D. Cal. Feb. 13, 2025). Even under the lower standard for a new IFP motion, however, plaintiff has not met his burden to proceed IFP.

Plaintiff's new motion indicates that he has a "monthly income" of "approximately $11,000." (ECF 5, at 1). Plaintiff also claims assets, including an "investment account" with "$606,000" and "home equity" valued at "1,700,000." (*Id*.) Plaintiff asserts that, despite these significant assets, his "expenses" of at least "$12,638" cause a "monthly deficit" of "$1,638." (*Id*.) He insists that "paying the $405 filing fee would require [p]laintiff to sacrifice food, medicine, or shelter," but these monthly expenses are listed at rather high amounts, including "$3,588" for a mortgage, "$3,600" for a hotel, "$3,650" for "food," "$500" for "medical/dental," and "$400" for "Uber." (*Id*.)

Even though plaintiff "need not be completely destitute to proceed IFP," *Blount v. Saul*, No. 21-cv-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021), a court may deny IFP when applicants are "unable, or unwilling, to verify their poverty,"

1

*United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Plaintiff has not sufficiently articulated a need to file without paying the fees. The motion to proceed *in forma pauperis* is denied.

Plaintiff also moved for leave to electronically file documents. (ECF 6.) The Court is only able to rule on motions after a complaint is properly filed, which has not yet occurred here. *See* Fed. R. Civ. P. 3 (noting that "a civil action is commenced by filing a complaint"). So, this motion also fails.

Thus, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.
2. Plaintiff's motion for leave to electronically file is **DENIED without prejudice**.
3. By **January 31, 2026**, plaintiff must pay the full filing fee. Failure to do so will result in a final dismissal. After paying the fee, plaintiff may re-file a motion for leave to electronically file documents.

Dated: December 31, 2025

Hon. Andrew G. Schopler
United States District Judge