Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
David E. Manrique (SBN 350842)
E-mail: dmanrique@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
CITY OF CARLSBAD (also sued as
CARLSBAD POLICE DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALIREZA SALEMI,

Plaintiff,

v.

CITY OF CARLSBAD, CARLSBAD POLICE DEPARTMENT, SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE, ENCINITAS UNION SCHOOL DISTRICT, JOHN DOES 1-10 (Unknown Individuals, including Law Enforcement Officers, School District Employees, or Agents acting in concert with Defendants),

Defendants.

Case No. 3:25-cv-02934-AGS-MSB

Judge: Andrew G. Schopler

**DEFENDANT CITY OF CARLSBAD'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Date: April 15, 2026
Time: 2:00 P.M.
Ctrm.: 5C

PLEASE TAKE NOTICE that on April 15, 2026 at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 5C of the United States District Court, Southern District, located at 333 W. Broadway, San Diego, CA 92101, Defendant CITY OF CARLSBAD (also sued as CARLSBAD POLICE DEPARTMENT)(herein after referred to as "Defendant") hereby moves this Court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for an order dismissing Plaintiff's Complaint with prejudice upon the following grounds:

1. Plaintiff's Claims Against the City of Carlsbad Under 42 U.S.C. § 1983

Fail as a Matter of Law and Must Be Dismissed.

2. Plaintiff's State Law Claims Should Be Dismissed for Failure to Satisfy the Compliance Requirements of the Government Claims Act.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records on file with this court, any evidence of which the Court may take judicial notice prior to or at the hearing of this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

Dated: January 28, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Nathan A. Oyster*

Nathan A. Oyster
David E. Manrique
Attorneys for Defendant
CITY OF CARLSBAD (also sued as CARLSBAD POLICE DEPARTMENT)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Alireza Salemi, proceeding pro se, brings this action under 42 U.S.C. § 1983 and various state-law theories against the City of Carlsbad, the Carlsbad Police Department, and other public entities, alleging a years-long, expansive conspiracy involving law enforcement agencies, prosecutors, a school district, medical providers, private individuals, and unnamed government actors. Plaintiff asserts that various actors engaged in coordinated harassment, stalking, poisoning, radiation exposure, property destruction, and threats against himself and his minor son, purportedly occurring from 2016 through October 2025.

The Complaint fails to allege facts sufficient to state any plausible claim for relief against the City of Carlsbad. Rather than pleading specific, actionable conduct attributable to this Defendant, Plaintiff relies entirely on conclusory assertions, speculative inferences, and implausible allegations untethered from factual content establishing a cognizable constitutional violation. The Complaint does not allege facts showing personal participation by any City employee, the existence of an unconstitutional policy or custom, or a causal link between any municipal action and the alleged injuries.

Plaintiff's claims further fail as a matter of law to the extent they are premised on alleged failures to investigate, protect, or intervene. It is well settled that there is no constitutional right to a police investigation or to law-enforcement action taken to a citizen's satisfaction, and alleged government inaction—without more—cannot give rise to liability under § 1983.

Plaintiff's state law causes of action are independently barred because the Complaint does not allege compliance with the California Government Claims Act, which requires the timely presentation of a written claim as a mandatory prerequisite to suit against a public entity or its employees. See Cal. Gov't Code §§ 905, 910, 945.4. The absence of any allegation that Plaintiff presented a government claim is

fatal to his state-law claims.

Accordingly, Defendant City of Carlsbad moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the defects in Plaintiff's pleading are legal and incurable, dismissal should be with prejudice.

## II. ARGUMENT

### A. Plaintiff's Claims Against the City of Carlsbad Under 42 U.S.C. § 1983 Fail as a Matter of Law and Must Be Dismissed

Plaintiff's § 1983 claims against the City of Carlsbad fail because the Complaint does not plausibly allege that the City, through any employee or policymaker, violated Plaintiff's constitutional rights. To state a claim under § 1983, a plaintiff must allege facts showing the deprivation of a constitutional right by a person acting "under color of any statute, ordinance, regulation, custom, or usage" of state law. 42 U.S.C. § 1983. A § 1983 claim against a municipality, however, requires factual allegations showing that the municipality's own policy, custom, or practice caused the constitutional deprivation; a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 691, 694 (1978); *Los Angeles County v. Humphries*, 562 U.S. 29, 36 (2010).

Here, the Complaint does not identify any specific City employee or official who engaged in unconstitutional conduct. Instead, Plaintiff alleges a wide-ranging and amorphous campaign of harassment and harm allegedly carried out by unidentified private individuals, strangers, medical providers, school personnel, and other third parties. Plaintiff repeatedly asserts, in conclusory fashion, that these acts occurred "under color of law," but offers no factual allegations establishing state action or any connection between the City and the alleged misconduct. Conclusory labels and subjective beliefs are insufficient to transform private conduct into state action for purposes of § 1983.

Plaintiff's allegations concerning the City itself are limited largely to

assertions that Carlsbad Police officers failed to investigate his complaints, dismissed his reports, or declined to take enforcement action. Even accepting these allegations as true, a municipality's failure to investigate or to provide police protection does not, standing alone, constitute a constitutional violation. The Ninth Circuit has consistently held that § 1983 does not impose liability on a municipality merely because its employees failed to investigate, declined to act, or exercised discretion in responding to a citizen's complaints, absent the deprivation of an independent constitutional right. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *See also Huffman v. County of Los Angeles*, 147 F.3d 1054, 1059–61 (9th Cir. 1998) (holding that a municipality's failure to prevent or protect against private violence, absent affirmative conduct creating a danger, does not violate the Due Process Clause). Here, Plaintiff alleges no facts showing that the City of Carlsbad or any of its employees affirmatively created or increased a danger to Plaintiff or his son. Instead, Plaintiff alleges only that law enforcement failed to investigate his complaints, dismissed his reports, or did not intervene to stop alleged conduct by third parties. Such allegations, even if assumed to be true, are insufficient as a matter of law to state a constitutional claim under § 1983.

Plaintiff also fails to allege facts sufficient to establish municipal liability. The Complaint does not identify any City policy, custom, or practice that allegedly caused a constitutional deprivation. Nor does it allege facts showing a pattern of similar constitutional violations or a decision by a City official with final policymaking authority. Instead, Plaintiff relies on generalized assertions of "deliberate indifference" and speculation about coordinated misconduct spanning nearly a decade. Such conclusory and speculative allegations do not satisfy federal pleading standards and are insufficient to state a claim for municipal liability.

To the extent Plaintiff relies on a state-created danger theory, the Complaint likewise fails. Plaintiff does not allege that the City affirmatively created or increased a specific danger to him or his son. Allegations that City officials failed to intervene, failed to investigate, or failed to prevent harm caused by third parties describe nonfeasance, not the affirmative conduct required to support a state-created danger claim. Absent allegations of affirmative action by the City that placed Plaintiff in a worse position than he otherwise would have faced, no constitutional claim is stated.

Because Plaintiff fails to allege any affirmative unconstitutional conduct by a City employee or policymaker, fails to identify a municipal policy or custom, and fails to plead facts supporting any recognized theory of municipal liability, the Complaint does not state a claim under 42 U.S.C. § 1983 against the City of Carlsbad. Accordingly, Plaintiff's § 1983 claims against the City should be dismissed.

### B. Plaintiff's State Law Claims Should Be Dismissed for Failure to Satisfy the Compliance Requirements of the Government Claims Act.

Compliance with the California Government Claims Act is a mandatory prerequisite to maintaining state-law claims against a public entity or its employees, and failure to comply requires dismissal of such claims. California Government Code section 945.4 provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim therefor has been presented to the public entity." Cal. Gov't Code § 945.4. Claims for money or damages relating to injury to person or personal property must be presented to the public entity no later than six months after the claim accrues. Cal. Gov't Code § 911.2(a).

///

///

The California Supreme Court has made clear that "[f]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004). Federal courts applying California law have likewise held that supplemental state-law claims against public entities must be dismissed where a plaintiff fails to allege compliance with the Government Claims Act. See *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009); *Rezaipour v. County of Los Angeles*, No. CV 12-05005-MWF (VBKx), 2014 WL 12674923, at *8 (C.D. Cal. July 10, 2014), aff'd, 655 F. App'x 552 (9th Cir. 2016).

Here, Plaintiff asserts multiple state law causes of action—including claims under the Bane Act, negligence, and intentional infliction of emotional distress—each of which seeks money damages from public entities and their employees. Yet the Complaint contains no allegation that Plaintiff presented a government claim to the City of Carlsbad or the Carlsbad Police Department, nor does it allege that any such claim was timely presented or acted upon, as required by the Government Claims Act.

Because Plaintiff has failed to plead compliance with the Government Claims Act, his state-law causes of action are barred as a matter of law and must be dismissed. Moreover, where, as here, Plaintiff alleges conduct spanning many years and pleads no facts suggesting that timely compliance with the Government Claims Act could be alleged, amendment would be futile. Accordingly, Plaintiff's state-law claims should be dismissed with prejudice.

## III. <u>CONCLUSION</u>

Based upon the foregoing, Defendant requests that this Court grant the Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety. The deficiencies in Plaintiff's pleading are not technical but substantive, and no amendment could cure the absence of a cognizable constitutional duty or transform conclusory and implausible allegations into viable claims. Accordingly, dismissal should be with

prejudice and without leave to amend.

Dated: January 28, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Nathan A. Oyster*

Nathan A. Oyster
David E. Manrique
Attorneys for Defendant
CITY OF CARLSBAD (also sued as CARLSBAD POLICE DEPARTMENT)

# PROOF OF SERVICE

**Alireza Salemi v. City of Carlsbad, et al.,**
**Case No. 3:25-cv-02934-AGS-MSB**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 South Flower Street, 40th Floor, Los Angeles, CA 90071-2942.

On January 28, 2026, I served true copies of the following document(s) described as **DEFENDANT CITY OF CARLSBAD'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

Alireza Salemi, Pro Se
2735 Palomar Airport Road
Carlsbad, CA 92009

**Pro Se Plaintiff**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Burke, Williams & Sorensen, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 28, 2026, at Los Angeles, California.

Leticia Espinoza
Leticia Espinoza