**DEVANEY PATE MORRIS & CAMERON, LLP**
William C. Pate (SBN 206983)
wpate@dpmclaw.com
Christina C. Mihelich (SBN 351526)
cmihelich@dpmclaw.com
402 W. Broadway, Suite 1300
San Diego, CA 92101
Telephone: 619-354-5030
Facsimile: 619-354-5035

Attorneys for Defendant ENCINITAS UNION SCHOOL DISTRICT

***Exempt from filing fees***
***Govt. Code §§ 6103 & 26857***

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALIREZA SALEMI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, CARLSBAD POLICE DEPARTMENT, SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE, ENCINITAS UNION SCHOOL DISTRICT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, HOMELAND SECURITY-SAN DIEGO FIELD OFFICE, SAN DIEGO LAW ENFORCEMENT COORDINATION CENTER, CITY OF SAN DIEGO EMERGENCY SERVICES,<br><br>Defendants. | Case No.: 25-cv-2934-DMS-MSB<br><br>**DEFENDANT ENCINITAS UNION SCHOOL DISTRICT'S MOTION TO DISMISS**<br><br>Judge: Hon. Andrew G. Schopler |

# TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1

II. ALLEGATIONS IN COMPLAINT .......... 1

III. LEGAL STANDARD FOR DISMISSAL .......... 2

IV. ARGUMENT .......... 3

- A. Plaintiff Lacks Standing To Bring Claims Alleging Injuries To His Son .......... 3
- B. The Complaint Fails to Set Forth Facts Establishing Liability Against The District .......... 5
  - 1. Fourteenth Amendment Substantive Due Process .......... 6
  - 2. Fourth Amendment .......... 7
  - 3. Fourteenth Amendment Equal Protection .......... 7
  - 4. *Monell* Liability .......... 9
  - 5. Conspiracy .......... 10
  - 6. State Law Bane Act .......... 11
  - 7. State Law Negligence .......... 12

V. CONCLUSION .......... 13








DPMC | Devaney Pate Morris & Cameron LLP

# TABLE OF AUTHORITIES

Page(s)

Cases

*Barren v. Harrington*,
152 F.3d 1193 (9th Cir. 1998) .......... 5
*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 2, 3
*Broam v. Bogan*,
320 F.3d 1023 (9th Cir. 2003) .......... 2
*Brown v. Ortho Diagnostic Sys., Inc.*,
868 F.Supp. 168 (E.D. Va. 1994) .......... 4
*Buchanan–Moore v. County of Milwaukee*,
570 F.3d 824 (7th Cir.2009) .......... 6
*D.R. v. Middle Bucks Area Vocational Tech. Sch.*,
972 F.2d 1364 (3d Cir.1992) .......... 11
*D.V. v. City of Sunnyvale*,
65 F.Supp.3d 782 (N.D. Cal. 2014) .......... 12
*Davison ex rel. Sims v. Santa Barbara High School Dist.*,
48 F.Supp.2d 1225 (C.D. Cal. 1998) .......... 12
*De La Cruz v. Tormey*,
582 F.2d 45 (9th Cir. 1978) .......... 2
*Doe v. Petaluma School Dist.*,
830 F.Supp. 1560 (N.D. Cal. 1993) .......... 12
*Fry v. Napoleon Community Schools,*
580 U.S. 154 (2017) .......... 8, 9
*Furnace v. Sullivan*,
705 F.3d 1021 (9th Cir. 2013) .......... 8
*Griffin v. Breckenridge*,
403 U.S. 88 (1971) .......... 10
*Hawkins v. San Diego Cty.*,
2021 WL 615052 (S.D. Cal. Feb. 16, 2021) .......... 5
*Ivey v. Bd. Of Regents of Univ. of Alaska*,
673 F.2d 266 (9th Cir. 1982) .......... 3
*Johns v. County of San Diego*,
114 F.3d 874 (9th Cir. 1997) .......... 4, 5
*Johnson v. Duffy*,
588 F.2d 740 (9th Cir. 1978) .......... 5
*Kennedy v. City of Ridgefield*,
439 F.3d 1055 (9th Cir. 2006) .......... 7



DPMC | Devaney Pate Morris & Cameron LLP

*Kush v. Rutledge*,
460 U.S. 719 (1983) .......... 10
*Lattanzio v. COMTA*,
481 F.3d 137 (2d Cir. 2007) .......... 4
*Leer v. Murphy*,
844 F.2d 628 (9th Cir. 1988) .......... 5
*Li v. Chertoff*,
482 F.Supp.2d 1172 (S.D. Cal. 2007) .......... 2
*Lujan v. Defenders of Wildlife*,
504 U.S. 555, (1992) .......... 3
*Martinez v. City of Clovis*,
943 F.3d 1260 (9th Cir. 2019) .......... 7
*Matthews v. International House of Pancakes, Inc*.,
597 F.Supp.2d 663 (E.D. La. 2009) .......... 10
*McClain v. American Economy Ins. Co.*,
424 F.3d 728 (8th Cir. 2005) .......... 3
*McCue v. South Fork Union Elementary School*,
766 F.Supp.2d 1003 (E.D. Cal. 2011) .......... 11
*Mirabelli v. Olson*,
761 F.Supp.3d 1317 (S.D. Cal. 2025) .......... 2
*Palmer v. Sanderson*,
9 F.3d 1433 (9th Cir. 1993) .......... 5
*Rajamin v. Deutsche Bank Nat. Trust Co*.,
757 F.3d 79 (2d. Cir. 2014) .......... 4
*Rizzo v. Goode*,
423 U.S. 362) (1976) .......... 5
*Taylor v. List*,
880 F.2d 1040 (9th Cir. 1989) .......... 5
*U.S. Fax Law Ctr, Inc. v. iHire, Inc.*,
352 F.Supp.2d 1248 (D. Colo. 2005) .......... 3
*Warth v. Seldin*,
422 U.S. 490 (1975) .......... 4
*Whitaker v. Tesla Motors, Inc*.,
985 F.3d 1173 (9th Cir. 2021) .......... 3

STATUTES

20 U.S.C. 1415 (b)(7) .......... 8
28 U.S.C., Section 1654 .......... 4
42 U.S.C. Section 1985 .......... 10, 11
42 U.S.C. § 1983 .......... 5, 6, 10
Article III of the United States Constitution .......... 1, 2, 3, 6







DPMC | Devaney Pate Morris & Cameron LLP

Cal. Gov. Code § 945.4 .......... 12
Cal. Penal Code § 11166 .......... 1, 9, 10
California Government Code Section 815 .......... 12
*Govt. Code §§ 6103 & 26857* .......... 1
§ 1985(3) .......... 11

RULES

Fed. R. Civ. Proc. 12(b)(1) .......... 1, 2
Fed. R. Civ. Proc. 12(b)(6) .......... 1, 2
Federal Rule of Civil Procedure 8(a)(2) .......... 3
Rule 8 .......... 3
Rule 12 of the Federal Rules of Civil Procedure .......... 2

OTHER AUTHORITIES

CACI No. 3025 .......... 11

DPMC | Devaney Pate Morris & Cameron LLP

# I.
# INTRODUCTION

Plaintiff's complaint consists of vague, amorphous allegations of behavior Plaintiff characterizes as "harassment, intimidation, physical harm, and threats" toward himself and his minor son. The majority of the allegations are not attributed to any identifiable person or entity. The only facts Plaintiff alleges against moving party Encinitas Union School District ("District" or "EUSD") are of conduct directed at his minor son, for which Plaintiff lacks standing under Article III of the United States Constitution. Even if Plaintiff were to establish standing for some of the allegations, none of the allegations against the District are actionable.

Plaintiff's complaint against the District must be dismissed on two grounds. First, the Court lacks subject matter jurisdiction as the allegations are not justiciable against the District. Plaintiff is not the real party in interest to the claims alleging harm to his son, which he attributes to the District. Fed. R. Civ. Proc. 12(b)(1). Second, Plaintiff has not successfully plead any claims against the District. Each individual claim, even if brought in the name of the proper party, fails for reasons discussed *infra*. Fed. R. Civ. Proc. 12(b)(6).

# II.
# ALLEGATIONS IN COMPLAINT

Plaintiff's complaint alleges five causes of action against multiple state and federal agencies. The complaint does not clearly indicate which causes of action are alleged against which defendant. The only facts specifically against the District are: (1) "2023 finger fracture at Encinitas Union School District playground (no notification, unsupervised despite autism needs, in violation of mandatory reporting laws under Cal. Penal Code § 11166); and (2) "inaction on reported harassment (e.g. ongoing taunts and exclusion reported to school staff in 2023-2025)" ECF No. 1 at ¶ 15.

The most Plaintiff-favorable interpretation of these allegations is Plaintiff's son sustained an injury on District property while unsupervised. Plaintiff was not notified. And

the District did not act upon reported "taunts and exclusion" to school staff between 2023-2025.

Plaintiff's claimed injuries include a wide array of physical ailments, including tinnitus, pain to various parts of his body, visual impairments such as "night blindness" and "eye floater," tooth erosion, "Havana Syndrome-like symptoms," emotional distress, and harm to his son. ECF No. 1 at ¶ 25.

///

## III.

## LEGAL STANDARD FOR DISMISSAL

Rule 12 of the Federal Rules of Civil Procedure governs motions to dismiss. A defendant may move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Because Article III standing is a necessary component of subject matter jurisdiction, when a plaintiff lacks standing, dismissal under Rule 12(b)(1) is appropriate. *Mirabelli v. Olson*, 761 F.Supp.3d 1317, 1323 (S.D. Cal. 2025). When a motion to dismiss for lack of subject matter jurisdiction is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional motion first. *Li v. Chertoff*, 482 F.Supp.2d 1172, 1175-76 (S.D. Cal. 2007).

Pursuant to Rule 12(b)(6), a party may move to dismiss if the complaint fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings "in the light most favorable to the plaintiff," and further, "must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights



DPMC | Devaney Pate Morris & Cameron LLP

violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Rather, the complaint must assert "well-pleaded factual allegations to advance discovery." *Whitaker v. Tesla Motors, Inc*., 985 F.3d 1173, 1177 (9th Cir. 2021).

## IV.

## ARGUMENT

### A. Plaintiff Lacks Standing To Bring Claims Alleging Injuries To His Son

Plaintiff's complaint does not plead a justiciable cause of action against the District. The complaint does not meet the case-or-controversy requirement under Article III of the United States Constitution. To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an injury-in-fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *McClain v. American Economy Ins. Co.*, 424 F.3d 728, 731 (8th Cir. 2005). Courts are obliged to examine issues of standing *sua sponte* under the case-or-controversy requirement associated with Article III of the United States Constitution. *U.S. Fax Law Ctr, Inc. v. iHire, Inc.,* 352 F.Supp.2d 1248, 1253 (D. Colo. 2005). Standing is a threshold test that must be satisfied before considering whether a plaintiff has adequately pled federal cause of action. *U.S. ex rel. Yellowtail v. Little Horn State Bank*, D.Mont.1992. Under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, (1992),

///







DPMC Devaney Pate Morris & Cameron LLP

the plaintiff must have suffered an "injury in fact," an invasion of a legally protected interest.

An action must be prosecuted in the name of the real party in interest. Fed. R. 17(a)(1). Litigants are barred from "asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *Warth v. Seldin*, 422 U.S. 490, 509 (1975); *Rajamin v. Deutsche Bank Nat. Trust Co*., 757 F.3d 79, 86 (2d. Cir. 2014). The Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. *Warth*, 422 U.S. at 499. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action. *Id*.

Here, on the facts presented against the District, Plaintiff has not suffered an injury-in-fact. To the extent facts are alleged against the District on behalf of Plaintiff's son, Plaintiff is not the real party in interest to those claims. The present case is not being brought in the name of Plaintiff's son; nor has Plaintiff been appointed as guardian ad litem.

Even if Plaintiff were to be appointed as guardian ad litem with capacity to bring a cause on his son's behalf, Plaintiff cannot do so without attorney representation. Plaintiff is appearing pro se as permitted under 28 U.S.C., Section 1654. While Section 1654 permits non-attorneys to represent themselves, the statute does not permit "unlicensed laymen to represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). Thus, even if Plaintiff amends the complaint to add his son as a plaintiff, he cannot proceed without attorney representation.

The prohibition on non-attorney parents representing their children in federal court is well-established across the vast majority of circuit courts, including the Ninth Circuit. "The issue of whether a parent can bring a pro se lawsuit on behalf of a minor 'falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court.'" *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *Brown v. Ortho Diagnostic Sys., Inc*., 868 F.Supp. 168, 172 (E.D. Va. 1994)).



DPMC | Devaney Pate Morris & Cameron LLP

"Accordingly, . . . a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns,* 114 F.3d at 877.

Here, as in the many cases in which courts have affirmed the prohibition on non-attorney representation of children, Plaintiff is not an attorney, and thus cannot represent his son.

**B. The Complaint Fails to Set Forth Facts Establishing Liability Against The District**

Notwithstanding the complaint's failure to meet the case-or-controversy requirement under Article III, Plaintiff's complaint lacks factual allegations sufficient to support liability against the District under 42 U.S.C. § 1983.

Deprivations of constitutional rights, "within the meaning of section 1983," occur when an individual "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In order to successfully allege a section 1983 claim, Plaintiff must set forth facts that each defendant personally violated his constitutional rights. See *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); See also *Palmer v. Sanderson*, 9 F.3d 1433, 1438-1439 (9th Cir. 1993). The alleged facts must support that the actions of the District caused a constitutional deprivation. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Id. (citing to *Rizzo v. Goode*, 423 U.S. 362, 370-71) (1976)); see also *Hawkins v. San Diego Cty*., 2021 WL 615052, at *5 (S.D. Cal. Feb. 16, 2021). ("Broad and conclusory allegations,… fail to plausibly show how, or to what extent, each Defendant may be held individually liable for any constitutional injury.")(appeal filed). "[A] plaintiff must allege facts, not simply conclusions, [to] show that [each defendant] was personally involved in the deprivation of [their] civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).



DPMC | Devaney Pate Morris & Cameron LLP

The sum of Plaintiff's allegations against the District do not amount to a violation of a constitutionally-protected right. In a generous interpretation of the complaint, Plaintiff alleges his son was injured on a school campus, the District failed to notify Plaintiff of said injuries, and the District did not respond to reports of harassment. However, the complaint lacks any factual allegations supporting a constitutional violation redressable through Section 1983.

**1. Fourteenth Amendment Substantive Due Process**

The Due Process Clause of the Fourteenth Amendment "generally does not impose upon the state a duty to protect individuals from harm by private actors." *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir.2009). However, there are two exceptions to this general rule. The first arises when a state has custody over a person. *Id*. Plaintiff does not make any such allegation. The second exception comes into play "when the state affirmatively places a particular individual in a position of danger the individual would not otherwise have faced." *Id*. This second exception is known as the state-created danger doctrine. *Id*. The state-created danger doctrine is the basis on which Plaintiff seemingly makes his due process claim.

In support of his first cause of action for deprivation of substantive due process under the Fourteenth Amendment, Plaintiff alleges only that the defendants' "deliberate indifference to Plaintiff's reports of harm created or exacerbated a state-created danger, depriving Plaintiff and his son of substantive due process rights. Encinitas Union School District's failure to supervise, report injuries, or address harassment of Plaintiff's son is a key component."

Plaintiff refers to a "state-created danger," which is a recognized theory for a due process violation. However, the allegations in the complaint do not meet the elements of such a claim. To establish a substantive due process claim under a state-created danger theory, Plaintiff must demonstrate that: (1) Defendants' "affirmative actions created or exposed [Plaintiff] to an actual, particularized danger that [he] would not otherwise have faced"; (2) "the injury [he] suffered was foreseeable"; and (3) "the officers were







DPMC | Devaney Pate Morris & Cameron LLP

deliberately indifferent to the known danger." *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019).

Plaintiff must first show that the district exposed him to an "actual, particularized danger." Id. "[B]y its very nature, the doctrine only applies in situations in which the plaintiff was directly harmed by a third party—a danger that, in every case, could be said to have 'already existed.'" Id. (quoting *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1063 (9th Cir. 2006). The relevant question is whether "state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Kennedy*, 439 F.3d at 1061.

Plaintiff's allegations are insufficient to meet the elements of a state-created danger. Plaintiff alleges no affirmative action by the District. Rather, the entirety of the conduct complained of the District amounts to *inaction*. Moreover, there are no facts alleged to support the foreseeability of the purported harm, or non-conclusory statements to support the District's deliberate indifference thereto. Accordingly, this claim fails as pled.

**2. Fourth Amendment**

In support of his Fourth Amendment claim, Plaintiff states: "Defendants' intrusions, property damages, and physical harms constitute unreasonable searches and seizures without warrant or justification."

This claim appears to refer to Plaintiff's allegation that his property is being damaged by unknown third parties. Plaintiff does not allege the District engaged in any of the alleged acts forming the basis for his Fourth Amendment claim. No violation of the Fourth Amendment is plausibly alleged against the District.

**3. Fourteenth Amendment Equal Protection**

Plaintiff states in support of his equal protection claim: "Defendants, including Encinitas Union School District, selectively refused to investigate or protect Plaintiff and his son compared to similarly situated individuals, denying equal protection through arbitrary or discriminatory enforcement."

///



DPMC | Devaney Pate Morris & Cameron LLP

To state a claim for a violation of the equal protection clause of the Fourteenth Amendment, Plaintiff must show the District "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

Plaintiff makes a conclusory claim he was treated differently than similarly situated individuals, but does not provide any facts supporting this claim. Further, he makes no allegation the treatment was based on his membership in a protected class, and does not himself claim to belong to a protected class.

A liberal interpretation of Plaintiff's complaint could yield an inference that Plaintiff is alleging his son was treated differently based on his autism diagnosis. Even if this interpretation were accepted, it is not sufficient to state a cause of action against the District. The entirety of Plaintiff's allegations against the District, to the extent they could be interpreted to support a cause of action for disability-based discrimination, are fully encompassed within the provisions of the Individuals with Disabilities Education Act (IDEA). 20 U.S.C. 1415 (b)(7), and are thus subject to administrative exhaustion requirements as a prerequisite to litigation.

The IDEA "requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE [free appropriate public education], even if not phrased or framed in precisely that way" and "setting aside any attempts at artful pleading." *Fry v. Napoleon Community Schools,* 580 U.S. 154, 169-170 (2017). *Fry* noted there may be disability-based claims that do not implicate the exhaustion requirement, such as when "a wheelchair-bound child sues his school for discrimination under Title II [of the Americans with Disabilities Act] because the building lacks access ramps." *Id*. at p. 171. In such instances, while "that architectural feature has educational consequences" *Id*., the "essence" or "gravamen" of the student's complaint "is equality of access to public facilities, not [the] adequacy of special education" (Id. at p. 172).

Only contentions alleging inadequate public education opportunities amount to a FAPE challenge requiring exhaustion. The *Fry* court noted two essential questions: "First,



DPMC | Devaney Pate Morris & Cameron LLP

could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library?" (Fry, supra, 580 U.S. at p. 171.) "And second, could an adult at the school—say, an employee or visitor—have pressed essentially the same grievance?" Id.. If in both instances, "the same basic suit could go forward," then the student's complaint is "unlikely to be truly about" denial of appropriate education opportunities and, therefore, there is no FAPE administrative exhaustion requirement. *Id*.

The answer to both questions framed by the Fry Court is in the negative. Plaintiff's allegations against the District—that Plaintiff's son suffered an injury while "unsupervised despite autism needs," (ECF No. 1 at ¶ 15) and Plaintiff's complaints of harassment were not acted upon—relate directly to Plaintiff's son's status as a student of the District. To the extent they can be interpreted to mean Plaintiff's son received disability-based disparate treatment from the District, are necessarily related to his son's status as a student, and thus, to the District's obligations under the IDEA. As such, the IDEA exhaustion process serves as a bar to this action for Plaintiff's equal protection claim.

There is no allegation in Plaintiff's complaint that he exhausted the administrative remedy required under the IDEA. Accordingly, Plaintiff's claim for a violation of the Equal Protection clause fails.

**4. *Monell* Liability**

To state a claim for *Monell* liability under § 1983, Plaintiff must allege the constitutional violation was caused by a municipality's "policy, practice, or custom" or be ordered by a policy-making official.

Plaintiff claims Defendants "maintain unconstitutional policies, customs, or failures to train/supervise causing these violations (e.g., dismissing harassment reports, ignoring child endangerment, tolerating intimidation). Encinitas Union School District's failure to train staff on mandatory reporting (Cal. Penal Code § 11166) or harassment response is a contributing custom."

///

There are no allegations of any custom or practice contributing to any of Plaintiff's claimed constitutional violations. The allegations of failure to train, supervise, or respond to harassment complaints have no conceivable bearing on Plaintiff's alleged deprivation of his constitutional rights.

While Plaintiff also alleges the District violated California Penal Code section 11166, encompassed within California's Child Abuse and Neglect Reporting Act ("CANRA"), there is no allegation of any fact triggering a duty to report under CANRA. This allegation is wholly conclusory. All claims flowing therefrom are similarly defective.

**5. Conspiracy**

The Complaint presents a purported cause of action for "Conspiracy under 42 U.S.C. § 1983." Section 1983 does not provide a means for bringing a claim against a defendant for conspiracy. However, a federal cause of action for conspiracy does exist, codified at 42 U.S.C. Section 1985. Even assuming the complaint intended to bring a claim under Section 1985, the complaint fails.

Section 1985 contains three subsections generally designed to prohibit groups of two or more persons from engaging in force, threat, or intimidation to prohibit other individuals from exercising constitutionally-protected activity, such as running for office, attending or testifying in court, voting, or serving as a juror. *See* 42 U.S.C. § 1985. The complaint does not specify which provision Plaintiff intends to invoke. However, Plaintiff's claim is deficient under any of them.

Section 1985 carries strict pleading requirements. At a minimum, a claim under Section 1985 "must allege a factual basis for the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Matthews v. International House of Pancakes, Inc.*, 597 F.Supp.2d 663, 674 (E.D. La. 2009). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Kush v. Rutledge*, 460 U.S. 719, 726 (1983), (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). "Mere



DPMC | Devaney Pate Morris & Cameron LLP

conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir.1992).

In support of his claim for conspiracy, Plaintiff states: "Defendants conspired to deprive Plaintiff of his constitutional rights through coordinated inaction and facilitation of the harassment campaign, evidenced by synchronized patterns across law enforcement, the DA's office, and the School District." The allegation contains only a conclusory statement that Defendants conspired to deprive Plaintiff of his constitutional rights and vague, speculative, and implausible allegations about the mechanisms under which said conspiracy was conducted. These allegations do not meet the specificity standards imposed on Section 1985 claims. Accordingly, Plaintiff's conspiracy claim fails.

**6. State Law Bane Act**

Plaintiff alleges violations of California's Bane Act. To state a claim under the Bane Act, Plaintiff must show: (1) that the defendant interfered with or attempted to interfere with the plaintiff's constitutional or statutory right by threatening or committing violent acts; (2) that the plaintiff reasonably believed that if she exercised her constitutional right, the defendant would commit violence against her or her property; that the defendant injured the plaintiff or her property to prevent her from exercising her right or retaliate against the plaintiff for having exercised her right; (3) that the plaintiff was harmed; and (4) that the defendant's conduct was a substantial factor in causing the plaintiff's harm. *McCue v. South Fork Union Elementary School*, 766 F.Supp.2d 1003, 1010 (E.D. Cal. 2011); CACI No. 3025.

Plaintiff makes no allegation that the District threatened or committed any violent act, that Plaintiff believed the District would commit violence against him or his son, or that any of the acts attributed to the District were to prevent Plaintiff from exercising a constitutional right. There are no facts plead in support of Plaintiff's Bane Act claim against the District. Thus, this claim must be dismissed as against the District.

///



DPMC | Devaney Pate Morris & Cameron LLP

**7. State Law Negligence**

As a matter of law, Plaintiff cannot state a state law negligence claim against the District. Encinitas Union School District is a public entity in California. California Government Code Section 815 provides that public entities are not liable for injuries to any person except as provided by statute. Cal. Gov. Code § 815. The practical effect of Section 815 is to "eliminate any common law governmental liability for damages arising out of torts." *Davison ex rel. Sims v. Santa Barbara High School Dist*., 48 F.Supp.2d 1225, 1232 (C.D. Cal. 1998) (quoting *Doe v. Petaluma School Dist*., 830 F.Supp. 1560, 1583 (N.D. Cal. 1993). A state law negligence claim is not a statute-based claim, and thus falls within the immunities afforded by Section 815.

Plaintiff's state law claim for negligence is plead to this Court via supplemental jurisdiction, meaning California statutes of limitations and claims presentation requirements apply. California's Government Tort Claims Act provides (with certain exceptions not applicable here) "no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to be rejected by the board." Cal. Gov. Code § 945.4. Submission of a claim to a public entity pursuant to the Tort Claims Act is a condition precedent to a tort action, and the failure to present the claim bars the action. *D.V. v. City of Sunnyvale*, 65 F.Supp.3d 782, 786 (N.D. Cal. 2014). The complaint "must include facts demonstrating compliance with the claim presentation requirement or the claim will be dismissed." *Id*.

Here, the complaint makes no allegation a claim was ever presented to the District, and thus, no facts demonstrating compliance with the claim presentation requirement. Thus, the negligence claim must be dismissed.

///

///

///

///



DPMC | Devaney Pate Morris & Cameron LLP

## V.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed as to the Encinitas Union School District for lack of subject matter jurisdiction under Rule 12(b)(1), and, in the alternative, failure to state a claim under Rule 12(b)(6).

Dated: February 2, 2026

DEVANEY PATE MORRIS & CAMERON, LLP

By: */s/ William C. Pate*
William C. Pate
Christina C. Mihelich
Attorneys for Defendant
ENCINITAS UNION SCHOOL DISTRICT