**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

FILED
FEB 06 2026
CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**Alireza Salemi,** Plaintiff,

v.

**City of Carlsbad, et al.,** Defendants.

**Case No. 3:25-cv-02934-AGS-MSB (Related Case: 3:25-cv-03387-JLS-BLM)**

**PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF CARLSBAD'S MOTION TO DISMISS (ECF 20)**

**I. INTRODUCTION** Pro se Plaintiff Alireza Salemi opposes Defendant City of Carlsbad's (including Carlsbad Police Department) Motion to Dismiss (ECF 20). The Complaint states plausible claims under 42 U.S.C. § 1983 for deliberate indifference and state-created danger, supported by a pattern of misclassifying criminal complaints as "civil matters" to protect regional infrastructure. Newly discovered evidence (Exhibits A–F) shows a coordinated pattern of obstruction and deliberate indifference, establishing Monell liability and warranting leave to amend under Fed. R. Civ. P. 15(a). Dismissal with prejudice is inappropriate.

**II. LEGAL STANDARD** A Rule 12(b)(6) motion tests legal sufficiency. The Court accepts all factual allegations as true and construes them in Plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Pro se complaints are held to less stringent standards and construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Leave to amend is freely given when justice requires. Fed. R. Civ. P. 15(a)(2).

**III. ARGUMENT A. § 1983 Claims Are Plausible Under Monell** The Complaint alleges Carlsbad PD repeatedly misclassified reports of harassment, threats, and child endangerment as "civil matters" to avoid liability. This is tied to a specific municipal policy/custom: UASI Goal 5 funding for "persistent monitoring" of the "biotech corridor" (Palomar Airport Road area, where Plaintiff resides), incentivizing dismissal of complaints to protect critical infrastructure (Exhibit A: FY25 UASI Portfolio, Carlsbad PD BearCat purchase under Goal 5; Exhibit B: FY26 UAWG Portfolio naming Kristi Laughlin as Goal 5 Lead).

**1. The Complaint Alleges Plausible State Action Supported by Public Records** The City of Carlsbad moves to dismiss on the grounds that Plaintiff's allegations of regional surveillance and "under color of law" coordination are "implausible" and "conclusory." However, records released by the County of San Diego on January 29, 2026 (CPRA Request 26-186) provide the factual "connective tissue" that transforms these allegations into a plausible claim for relief.

**2. Documented Existence of "Persistent Monitoring" Infrastructure** The City contends that Plaintiff's reports of monitoring are speculative. Yet, the FY24 UASI Project Vetting Documents and Regional Risk Overview confirm the deployment of the exact technologies described in the Complaint:

- Targeted Surveillance: The region funds "UAS-Major Event Response Vehicles (U-MERV)" ($619,528) specifically designed for "aerial photography/video evidence collection" and the deployment of "PTZ camera systems" to "soft targets and critical infrastructure" [Exhibit N, Regional Risk Overview, p. 186].
- Real-Time Data Streaming: Project records confirm the use of Dejero DTS Live Video ($159,085) which transmits cellular-based live video from drones directly to regional command posts, establishing the technical capacity for the "persistent monitoring" Plaintiff alleged [Exhibit M, FY24 Vetting Docs].

**3. Mutual Governance and "Color of Law" Coordination** The City argues it has no connection to the alleged misconduct. However, the Urban Area Working Group (UAWG) Portfolio proves that the City of Carlsbad is a voting member of the governance body that approves and directs these surveillance assets:

- Carlsbad's Participation: The City of Carlsbad, represented by Kimberly Young, is a voting member of the UAWG [Exhibit L, UAWG Minutes 12/07/2023, p. 1].
- Integration with SD-LECC: The records confirm that the San Diego Law Enforcement Coordination Center (SD-LECC)—the region's "Fusion Center"—is the hub where regional intelligence is collected and shared among the very entities named in this suit, including the Carlsbad Police Department and the Encinitas Union School District [Exhibit K, UASI FY25 Portfolio, p. 521].

**4. The "Civil Matter" Label as a Tool of Concealment** Plaintiff alleges that the Carlsbad Police Department utilized these regional intelligence assets to monitor him, but then intentionally classified his physical battery as a "civil matter" to shield these programs from discovery. The CPRA records confirm that SD-LECC Intelligence Analysts (Project 10) have 35 full user licenses to integrate regional networks for "intelligence collection" [Exhibit M, FY24 Vetting Docs]. This provides the factual basis for Plaintiff's claim that the police response was not a "failure to investigate," but an affirmative act to suppress evidence of a crime committed using regional surveillance assets.

On January 29, 2026, the County of San Diego Office of Emergency Services released records responsive to Plaintiff's CPRA request (received Jan 13, 2026), including FY24/FY25 UASI project vetting documents, portfolios, and UAWG meeting minutes (see https://pra.sandiegocounty.gov/requests/26-186). These official records confirm funded projects for "persistent monitoring," "situational awareness," and "visual presence" technologies in the Carlsbad biotech corridor/Palomar Airport Road area under Goal 5 (Critical Infrastructure Protection). Carlsbad participates as a voting member of the UAWG that approves these assets. This evidence directly rebuts Defendant's claim that Plaintiff's allegations of regional monitoring and coordination are "speculative" or "implausible," and establishes a municipal policy/custom under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

New evidence supports deliberate indifference to a known pattern:

- Rady Children's Hospital records (Exhibit C: Pages 12 & 14) document a county-funded forensic abuse exam and CPS report on January 22, 2020 — concealed from Plaintiff and misclassified.
- CalVCB denial (Exhibit D) relies on CPD's "civil matter" label for the September 2, 2025 dental assault.
- Dental timeline/photos (Exhibit E) show progressive damage inconsistent with natural causes, yet CPD refused investigation.

This pattern of inaction and misclassification establishes Monell liability. See City of Canton v. Harris, 489 U.S. 378 (1989) (deliberate indifference to policy/custom causing violation). Amendment should be allowed to plead this more specifically.

The Carlsbad Police Department's repeated classification of serious incidents as "civil matters" (e.g., September 2, 2025 dental assault) aligns with a regional pattern of shielding federally funded monitoring assets from routine police reporting, as evidenced by UASI Goal 5 projects in Plaintiff's area [Ex. K–N].

On 1/30/2026, Rady Children's Compliance & Privacy Officer Christina Galbo responded to Plaintiff's concerns regarding incomplete records and omissions (including the 2020 CalEMA 2-900 CPS report on Page 14). While admitting the CPS report was initiated, Rady claimed it was "not filed by Rady" and refused to produce a sworn declaration of completeness. This response is evasive and supports Plaintiff's allegations of concealment and bad faith in record production. See Exhibit P (email chain). Leave to amend should be granted to incorporate this evidence.

**B. State-Created Danger Claim Is Plausible** CPD's repeated refusal to investigate known threats (lobby intimidation, child injuries, direct verbal threats) increased risk to Plaintiff and his son. Affirmative inaction in the face of known danger can support a state-created danger claim. See Kennedy v. City of Ridgefield, 439 F.3d 1055 (9th Cir. 2006). Leave to amend should be granted.

Further supporting state-created danger and deliberate indifference, on or about July 15, 2025, individuals believed connected to the surveillance pattern approached me and stated: "You should be happy we haven't killed your son yet" and "We don't kill terrorists — we just torture them." These explicit threats to my son's life occurred after multiple unreported complaints of child endangerment and harassment, demonstrating that defendants' inaction (misclassification as "civil matters") increased the risk to my family. See Kennedy v. City of Ridgefield, 439 F.3d 1055 (9th Cir. 2006) (affirmative inaction in face of known danger supports claim). Leave to amend should be granted to plead these facts more specifically.

**C. Government Claims Act Does Not Bar State Claims** Equitable tolling applies due to ongoing harassment, intimidation, and obstruction preventing timely filing (e.g., threats at Staybridge Suites lobby, Exhibit F: Supplemental Declaration). The federal case tolls state claims. Leave to amend should be granted to allege compliance or futility.

**D. Request for Leave to Amend & Hearing** Dismissal with prejudice is inappropriate. Plaintiff requests leave to amend to incorporate new evidence and cure any pleading defects. Oral argument is requested for the April 15, 2026 hearing.

**IV. CONCLUSION** The Motion should be denied. Leave to amend should be granted liberally.

Dated: February 09, 2026

Respectfully submitted,

/s/ Alireza Salemi
Alireza Salemi
Pro Se Plaintiff
720-208-8755 2735
Palomar Airport Road
Carlsbad, CA 92009

**CERTIFICATE OF SERVICE** I certify that on February 10, 2026, I served a true and correct copy of the foregoing Opposition to Defendant City of Carlsbad's Motion to Dismiss on all parties by:

- Placing copies in the U.S. Mail, first-class postage prepaid, addressed to:
  - Nathan A. Oyster & David E. Manrique Burke, Williams & Sorensen, LLP 444 South Flower Street, 40th Floor Los Angeles, CA 90071-2942
  - David M. Stotland Office of County Counsel, County of San Diego 1600 Pacific Highway, Room 355 San Diego, CA 92101-2469
  - William C. Pate & Christina C. Mihelich Devaney Pate Morris & Cameron, LLP 402 W. Broadway, Suite 1300 San Diego, CA 92101
- And via CM/ECF electronic notice to registered participants (automatic upon filing with the Clerk).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 10, 2026, at Carlsbad, California.

/s/ Alireza Salemi