**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

FILED
FEB 06 2026
CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

**Alireza Salemi,** Plaintiff,

v.

**City of Carlsbad, et al.,** Defendants.

**Case No. 3:25-cv-02934-AGS-MSB (Related Case: 3:25-cv-03387-JLS-BLM)**

**PLAINTIFF'S OPPOSITION TO DEFENDANT ENCINITAS UNION SCHOOL DISTRICT'S MOTION TO DISMISS (ECF 22)**

**I. INTRODUCTION** Pro se Plaintiff Alireza Salemi opposes Defendant Encinitas Union School District's (EUSD) Motion to Dismiss (ECF 22). The Complaint states plausible claims under 42 U.S.C. § 1983 for deliberate indifference, failure to protect, and equal protection violations arising from EUSD's failure to supervise, report injuries, or address harassment of Plaintiff's minor son (who has autism). Newly discovered evidence (Exhibits A–F) shows a pattern of inaction and obstruction across agencies, supporting Monell liability and state-created danger. Plaintiff has standing to sue for injuries to himself caused by EUSD's conduct. Dismissal with prejudice is inappropriate; leave to amend should be granted liberally under Fed. R. Civ. P. 15(a).

**II. LEGAL STANDARD** A Rule 12(b)(6) motion tests legal sufficiency. The Court accepts all factual allegations as true and construes them in Plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Pro se complaints are held to less stringent standards and construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Leave to amend is freely given when justice requires. Fed. R. Civ. P. 15(a)(2).

**III. ARGUMENT A. Plaintiff Has Standing to Sue for Injuries to Himself** EUSD argues Plaintiff lacks standing for claims involving his son. This is incorrect. Plaintiff alleges direct injuries to himself caused by EUSD's conduct: emotional distress, loss of parental rights/access, and ongoing harassment/threats stemming from EUSD's failure to supervise or report (e.g., 2023 finger fracture, lack of notification, failure to address taunts/exclusion). These are concrete, particularized injuries to Plaintiff traceable to EUSD and redressable by damages/injunction. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Plaintiff also alleges state-created danger to himself from EUSD's inaction enabling broader threats.

On January 29, 2026, the County of San Diego Office of Emergency Services released records responsive to Plaintiff's CPRA request (received Jan 13, 2026), including FY24/FY25 UASI project vetting documents, portfolios, and UAWG meeting minutes. These official records confirm funded projects for "persistent monitoring," "situational awareness," and "visual presence" technologies in the Carlsbad biotech corridor/Palomar Airport Road area under Goal 5 (Critical Infrastructure Protection). See Exhibit K (FY25 Portfolio excerpt); Exhibit L (UAWG minutes showing Carlsbad representative Kimberly Young); Exhibit M (FY24 Vetting Docs – U-MERV aerial surveillance project); Exhibit N (Regional Risk Overview). Carlsbad participates as a voting member of the UAWG that approves these assets. This evidence directly rebuts Defendant's claim that Plaintiff's allegations of regional monitoring and coordination are "speculative" or "implausible," and establishes a municipal policy/custom under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

Plaintiff has standing because EUSD's inaction (failure to supervise/report) directly caused injury to Plaintiff (emotional distress, loss of parental rights, fear from threats). On or about July 15, 2025, individuals stated: "You should be happy we haven't killed your son yet" and "We don't kill terrorists — we just torture them."

These threats, following EUSD's failure to protect my son, increased risk to both of us. This supports state-created danger and deliberate indifference claims. Leave to amend should be granted.

On 1/30/2026, Rady Children's Compliance & Privacy Officer Christina Galbo responded to Plaintiff's concerns regarding incomplete records and omissions (including the 2020 CalEMA 2-900 CPS report on Page 14). While admitting the CPS report was initiated, Rady claimed it was "not filed by Rady" and refused to produce a sworn declaration of completeness. This response is evasive and supports Plaintiff's allegations of concealment and bad faith in record production. See Exhibit P (email chain). Leave to amend should be granted to incorporate this evidence.

**B. Claims Are Plausible Under § 1983 1. Substantive Due Process / State-Created Danger** EUSD's failure to supervise Plaintiff's son (despite known autism needs) exposed him to danger (finger fracture, no notification), and failure to report/address harassment increased risk to Plaintiff and his son. Affirmative inaction in the face of known danger can support a state-created danger claim. See Kennedy v. City of Ridgefield, 439 F.3d 1055 (9th Cir. 2006). Amendment should be allowed.

**2. Fourth Amendment** EUSD's conduct (failure to supervise/report) enabled intrusions on Plaintiff's parental rights and privacy. Amendment can clarify.

**3. Equal Protection** EUSD treated Plaintiff's son differently due to autism (unsupervised despite needs, no reporting). This is not purely an IDEA/FAPE issue — it involves basic safety and equal access to supervision/protection. Fry v. Napoleon Cmty. Schs., 580 U.S. 154 (2017) allows § 1983 claims for disability discrimination outside FAPE exhaustion. Amendment can plead exhaustion or non-FAPE basis.

**4. Monell Liability** EUSD's failure to train/supervise staff on mandatory reporting (Cal. Penal Code § 11166) and harassment response is a custom/policy of deliberate indifference. New evidence shows pattern: Rady records (Exhibit C) and CalVCB denial (Exhibit D) reflect agency-wide inaction. See City of Canton v. Harris, 489 U.S. 378 (1989).

**5. Conspiracy** The pattern across agencies (EUSD inaction enabling broader threats) supports § 1985 conspiracy. Amendment can plead with more specificity.

**6. State-Law Claims (Bane Act & Negligence)** Equitable tolling applies due to ongoing obstruction. Leave to amend to allege compliance/futility.

**7. The Complaint Alleges Plausible State Action Supported by Public Records** EUSD argues that Plaintiff's allegations of regional coordination are implausible. However, records released by the County of San Diego on January 29, 2026 (CPRA Request 26-186) provide the factual "connective tissue" that transforms these allegations into a plausible claim for relief.

**8. Documented Existence of "Persistent Monitoring" Infrastructure** The FY24 UASI Project Vetting Documents and Regional Risk Overview confirm deployment of technologies matching the Complaint:

- Targeted Surveillance: The region funds "UAS-Major Event Response Vehicles (U-MERV)" ($619,528) specifically designed for "aerial photography/video evidence collection" and deployment of "PTZ camera systems" to "soft targets and critical infrastructure" [Exhibit N, Regional Risk Overview, p. 186].
- Real-Time Data Streaming: Project records confirm the use of Dejero DTS Live Video ($159,085), which transmits cellular-based live video from drones directly to regional command posts, establishing the technical capacity for "persistent monitoring" [Exhibit M, FY24 Vetting Docs].

**9. Mutual Governance and "Color of Law" Coordination** The Urban Area Working Group (UAWG) Portfolio proves regional entities, including EUSD, participate in governance of these surveillance assets:

- Integration with SD-LECC: The San Diego Law Enforcement Coordination Center (SD-LECC)—the region's "Fusion Center"—is the hub where regional intelligence is collected and shared among named entities [Exhibit K, UASI FY25 Portfolio, p. 521].
- SD-LECC Intelligence Analysts (Project 10): Have 35 full user licenses to integrate regional networks for "intelligence collection" [Exhibit M, FY24 Vetting Docs].
- Regional Cyber Lab Pilot: Nathan Short of EUSD confirmed his district is "piloting" surveillance toolsets alongside San Marcos USD and municipalities [Exhibit M].

This pattern of inaction establishes deliberate indifference under Monell. See City of Canton v. Harris, 489 U.S. 378 (1989). Amendment should be allowed to plead specific EUSD involvement.

**C. Request for Leave to Amend & Hearing** Dismissal with prejudice is inappropriate. Plaintiff requests leave to amend to incorporate new evidence and cure pleading defects. Oral argument is requested.

**IV. CONCLUSION** The Motion should be denied. Leave to amend should be granted liberally.

Dated: February 09, 2026

Respectfully submitted,

/s/ Alireza Salemi

Alireza Salemi
Pro Se Plaintiff
720-208-8755 2735
Palomar Airport Road
Carlsbad, CA 92009

**CERTIFICATE OF SERVICE** I certify that on February 10, 2026, I served a true and correct copy of the foregoing Opposition to Defendant Encinitas Union School District's Motion to Dismiss on all parties by:

- Placing copies in the U.S. Mail, first-class postage prepaid, addressed to:
  - Nathan A. Oyster & David E. Manrique Burke, Williams & Sorensen, LLP 444 South Flower Street, 40th Floor Los Angeles, CA 90071-2942
  - David M. Stotland Office of County Counsel, County of San Diego 1600 Pacific Highway, Room 355 San Diego, CA 92101-2469
  - William C. Pate & Christina C. Mihelich Devaney Pate Morris & Cameron, LLP 402 W. Broadway, Suite 1300 San Diego, CA 92101
- And via CM/ECF electronic notice to registered participants (automatic upon filing with the Clerk).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 10, 2026, at Carlsbad, California.

/s/ Alireza Salemi