

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIREZA SALEMI,<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>                        Defendants. | Case No.:  25cv2934-AGS (MSB)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR PRESERVATION ORDER REGARDING RECORDS OF SAN DIEGUITO UNION HIGH SCHOOL DISTRICT AND ALL DEFENDANTS [ECF NO. 26]**<br><br>**(2) DENYING PLAINTIFF'S EX PARTE MOTION FOR PRESERVATION ORDER [ECF NO. 34]** |

Before the Court is Plaintiff Alireza Salemi's (1) Motion for Preservation Order Regarding Records of San Dieguito Union High School District and All Defendants [ECF No. 26] and (2) Ex Parte Motion for Preservation Order [ECF No. 34] (collectively, "Preservation Motions").  For the reasons set forth below, the Preservation Motions are **DENIED**.

//

1

25cv2934-AGS (MSB)

# I.    BACKGROUND

## A.    Factual Background

Plaintiff Alireza Salemi ("Plaintiff"), proceeding pro se, brings this action against the City of Carlsbad, the Carlsbad Police Department, the San Diego County District Attorney's Office, Encinitas Union School District, the United States Department of Homeland Security, the Homeland Security San Diego Field Office, the San Diego Law Enforcement Coordination Center, the City of San Diego Office of Emergency Services, and fictitiously named defendants John Doe 1 through 10.  (See generally Dkt.)

According to Plaintiff's Complaint, beginning in 2016 and continuing through 2025, Plaintiff and his minor son have been the targets of what Plaintiff describes as a "coordinated campaign of harassment, intimidation, physical harm, and threats."  (ECF No. 1 at 2.)  Plaintiff alleges that unidentified individuals have blocked his path in public places, lingered near his residence and hotel rooms, and made gestures he perceived as threatening.  (Id.)  Plaintiff further alleges that he has incurred repeated, unexplained damage to his real and personal property, resulting in substantial pecuniary loss.  (Id. at 2–3.)  Plaintiff allegedly reported these incidents to the Carlsbad Police Department, but the reports were not investigated to Plaintiff's satisfaction.  (Id.)  Plaintiff's Complaint also details various physical symptoms that Plaintiff attributes to the alleged campaign, including burning sensations, gum rescission and enamel erosion, tinnitus, joint and muscle pain, and vision issues.  (Id. at 3.)

With regard to his minor son, Plaintiff alleges that the child sustained unexplained injuries between 2018 and 2023 while in supervised settings, including at home, at a surf camp, and at a school within the Encinitas Union School District.  (Id.)  Plaintiff contends that school officials failed to provide adequate supervision, report the injuries, or respond to alleged harassment of Plaintiff's minor son.  (Id.)  According to Plaintiff, he made multiple reports to local law enforcement, the San Diego County District Attorney's Office, Encinitas Union School District, and various federal entities regarding the alleged conduct, but no meaningful action was taken.  (Id.)

Based on these allegations, Plaintiff asserts civil rights claims under 42 U.S.C. § 1983, including a violation of substantive due process, a violation of equal protection, Monnell liability, and conspiracy claims, as well as related state-law claims.  (Id. at 4.)  Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees and costs.  (Id. at 5.)

**B.    Procedural History**

Plaintiff initiated this action on October 27, 2025.  (ECF No. 1 at 1.)  On January 28, 2026, Defendant City of Carlsbad and Defendant San Diego County District Attorney's Office filed separate Motions to Dismiss Plaintiff's Complaint.  (ECF Nos. 20 & 21.)  On February 2, 2026, Defendant Encinitas Union School District filed a Motion to Dismiss Plaintiff's Complaint.  (ECF No. 22.)  On February 10, 2026, District Judge Schopler took all pending and incoming motions to dismiss under submission. (ECF No. 30.)

On February 4, 2026, Plaintiff filed a Motion for Preservation Order Regarding Records of San Dieguito Union High School District and All Defendants.  (ECF No. 26.)  On February 20, 2026, Plaintiff filed an Ex Parte Motion for Preservation Order.  (ECF No. 34.)  On February 23, 2026, Defendant City of Carlsbad filed an Opposition.  (ECF No. 37.)  On March 2, 2026, Defendant Encinitas Union School District joined the Opposition. (ECF No. 41.)

**II.    APPLICABLE LAW**

Federal courts possess inherent power to manage their proceedings and to control the conduct of the parties before them, including, in appropriate circumstances, the power to issue orders related to preservation of evidence.  See F.J. Hanshaw Enters. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001).  "Because of their very potency, inherent powers must be exercised with restraint and discretion."  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).  Accordingly, preservation orders are not issued as a matter of course.  See Impact Engine, Inc. v. Google LLC, No. 3:19-cv-01301-CAB-BGS, 2020 U.S. Dist. LEXIS 70534, at *2–3 (S.D. Cal. Apr. 21, 2020) ("[T]he [Fed. R. Civ. P. 26(f)]

requirement that the parties discuss preservation does not imply that courts should routinely enter preservation orders.").  Instead, courts require a particularized showing that relevant evidence is at significant risk of loss or destruction absent judicial intervention.  See Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 138 (2004).  Unlike an injunction, the Court need not "consider whether [P]laintiff is likely to be successful on the merits of its case in deciding whether to protect records from destruction."  Id. at 138 n.8.

Ex parte relief is appropriate only upon a showing that the moving party will be irreparably prejudiced if the motion is heard on regular notice.  See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).  Furthermore, "[e]x parte preservation orders should issue **only in exceptional circumstances**."  Fed. R. Civ. P. 26(f) advisory committee's note to 2006 amendment (emphasis added).  Bearing this legal standard in mind, the Court must determine whether an ex parte preservation order is appropriate in this action.

### III.    DISCUSSION

Plaintiff seeks a court order directing Defendants, as well as certain non-parties, to preserve evidence and to file a certification of compliance.  (See generally ECF Nos. 26 & 34.)  Plaintiff requests preservation of broad categories of documents and electronically stored information dating from January 1, 2016, to the present.  (See ECF No. 34 at 2.)

Defendant City of Carlsbad and Defendant Encinitas Union School District oppose Plaintiff's request, arguing, *inter alia*, that Plaintiff did not meet and confer,[1] has not

---

[1] Although the Court agrees that Plaintiff's Preservation Motions are procedurally improper [see ECF No. 37 at 3–4], this finding does not preclude the Court from issuing a ruling.  See Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012) (noting that "courts can still decide a motion on the merits despite a failure to meet and confer"); see also Carmax Auto Superstores Cal. LLC v. Hernandez, 94 F.Supp.3d 1078, 1088 (C.D. Cal. 2015) ("Failure to comply with the Local Rules does not automatically require the denial of a party's motion . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply.").

25cv2934-AGS (MSB)

shown good cause for ex parte relief, and has not made a particularized showing of a significant risk of loss or destruction.  (See ECF No. 37; see also ECF No. 41.)

### A.    Plaintiff Has Not Shown Good Cause for Ex Parte Relief

Plaintiff seeks relief on an ex parte basis, asserting a generalized risk that certain categories of evidence may be destroyed, deleted, altered, or overwritten.  (See ECF No. 26 at 1.)  Plaintiff argues that this risk is heightened by the fact that the Court has taken the motions to dismiss under submission, but Plaintiff does not elaborate any further.  (See ECF No. 34 at 2.)  The party seeking a preservation order "ordinarily must show that[,] absent a court order, there is significant risk that relevant evidence will be lost or destroyed—a burden often met by demonstrating that the opposing party has lost or destroyed evidence in the past or has inadequate retention procedures in place."  Pueblo of Laguna, 60 Fed. Cl. at 138.  Here, Plaintiff has not identified specific, articulable facts demonstrating that any Defendant or any non-party is currently destroying evidence, intends to destroy evidence, or has failed to comply with preservation obligations to date.  Generalized concern and speculation about possible spoliation are insufficient to justify ex parte judicial intervention.

Plaintiff seeks a preservation order covering a ten-year period and broad categories of material without a tailored showing of relevance and proportionality to the claims and defenses in this action.  Plaintiff's requested order would direct not only Defendants but also various non-parties to preserve evidence and to notify their employees, agents, records custodians, IT personnel, and vendors of this obligation.  (See ECF No. 24 at 2; see also ECF No. 34 at 2.)  In particular, Plaintiff seeks to bind San Dieguito Union High School District, the City of San Diego, Rady Children's Hospital, and the California Victim Compensation Board ("CalVCB")—all of whom are not parties to this action.  (See ECF No. 24 at 1; see also ECF No. 34 at 2.)  At a minimum, due process mandates notice and an opportunity to be heard before an order affecting an adverse party's rights is issued.  The Ninth Circuit has held that notice must be reasonably calculated to apprise interested parties of the action and provide them an opportunity

25cv2934-AGS (MSB)

to respond, even in ex parte proceedings, absent extraordinary circumstances. See Wright v. Beck, 981 F.3d 719, 729 (9th Cir. 2020). Plaintiff has not established a basis for the Court to issue an ex parte preservation order directed to entities that are not parties to this action and are not before the Court on this motion.

**B.    Plaintiff Has Not Shown a Basis for a Compliance Certification**

Plaintiff also requests that the Court require a certification of compliance to be filed with the Court within fourteen days of the Order, "identifying the categories of preserved materials and any automatic deletion policies suspended." (See ECF No 26 at 2; see also ECF No. 34 at 2.) On the present record, and absent a showing of spoliation, noncompliance, or other extraordinary circumstances, the Court declines to impose a court-supervised reporting requirement.

**IV.    CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Preservation Order Regarding Records of San Dieguito Union High School District and All Defendants [ECF No. 26] and Plaintiff's Ex Parte Motion for Preservation Order [ECF No. 34]. However, nothing in this Order should be construed to relieve any party of its obligations under applicable law to preserve evidence that is relevant to the claims and defenses in this action. See Fed. R. Civ. P. 37(e).

**IT IS SO ORDERED**.

Dated: March 5, 2026

_____
Honorable Michael S. Berg
United States Magistrate Judge

6

25cv2934-AGS (MSB)