UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIREZA SALEMI,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>                              Defendants. | Case No.:  25cv2934-AGS (MSB)<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR PRESERVATION ORDER [ECF NO. 53]** |

Before the Court is Plaintiff Alireza Salemi ("Plaintiff")'s Renewed Motion for Preservation Order.  (See ECF No. 53 ("Renewed Motion").)  The Court construes the Renewed Motion as, in substance, a motion for reconsideration of the Court's March 5, 2026, Order.  (See ECF No. 45.)  For the reasons set forth below, the Renewed Motion is **DENIED**.

## I.      BACKGROUND

Plaintiff, proceeding pro se, brings this action against the City of Carlsbad, the Carlsbad Police Department, the San Diego County District Attorney's Office, Encinitas Union School District, the United States Department of Homeland Security, the Homeland Security San Diego Field Office, the San Diego Law Enforcement Coordination

//

Center, the City of San Diego Office of Emergency Services, and fictitiously named defendants John Doe 1 through 10.  (See generally Dkt.)

On February 6, 2026, Plaintiff filed a Motion for Preservation Order Regarding Records of San Dieguito Union High School District and All Defendants.  (ECF No. 26.)  On February 20, 2026, Plaintiff filed an Ex Parte Motion for Preservation Order. (ECF No. 34.) On March 5, 2026, the Court denied Plaintiff's Preservation Motions.  (ECF No. 45.)  On March 31, 2026, Plaintiff filed the Renewed Motion.  (ECF No. 53.)

## II.    APPLICABLE LAW

"[A] motion for reconsideration should not be granted, absent **highly unusual circumstances** . . . ."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (emphasis added).  Also, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time" that could reasonably have been raised earlier.  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  The party seeking reconsideration must show (1) newly discovered evidence, (2) clear error or manifest injustice in the prior decision, or (3) an intervening change in controlling law.  Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Local rules may impose further limitations on motions for reconsideration.  For example, pursuant to the Local Civil Rules of Practice for the United States District Court for the Southern District of California:

> Whenever any motion . . . has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion . . . is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior [motion], including inter alia: (1) when and to what judge the [motion] was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior [motion].

25cv2934-AGS (MSB)

CivLR 7.1(i)(1).

Bearing this legal standard in mind, the Court must determine whether reconsideration of the prior denial of Plaintiff's Preservation Motions is warranted.

### III.    DISCUSSION

#### A.    No Newly Discovered Evidence

Plaintiff asserts that recent responses to public records requests (e.g., statements that no responsive documents were located, requests for extensions due to voluminous records, and ongoing processing) justify reconsideration of the Court's prior Order.  (See ECF No. 53 at 1.)  However, such responses do not constitute newly discovered evidence demonstrating a risk of spoliation.  At most, such responses reflect routine responses to public records requests, including denial of record existence, ongoing searches, or exemption from the California Public Records Act.  Plaintiff's Exhibits Z.4–Z.6 do not support a reasonable inference that "there is significant risk that relevant evidence will be lost or destroyed."  See Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 138 (2004).  Nor do Plaintiff's references to various programs, funding sources, or generalized allegations regarding recordkeeping practices establish that specific, relevant evidence is in danger of loss or destruction.

#### B.    No Clear Error or Manifest Injustice

Plaintiff has not identified any clear error or manifest injustice in the Court's prior Order.  (See generally ECF No. 53.)  The Court previously determined that Plaintiff failed to make a particularized showing of a significant risk of loss or destruction of evidence.  (See ECF No. 45 at 5.)  The Renewed Motion largely reiterates the same speculative concerns previously raised, namely, that the electronic records sought may be subject to "routine purge cycles."  (See ECF No. 53 at 1.)  Despite the additional detail provided, Plaintiff still does not identify specific actors likely to destroy such evidence or concrete facts showing imminent or intentional spoliation.  Accordingly, the Court finds no basis to conclude that its prior Order was clearly erroneous or resulted in manifest injustice. //

25cv2934-AGS (MSB)

**C.     No Intervening Change in Controlling Law**

Plaintiff does not argue, and the Court does not find, that there has been any intervening change in controlling law.  (See generally ECF No. 53.)

**D.     Continued Failure to Meet the Preservation Order Standard**

Even if the Court were to consider the Renewed Motion on its merits, denial would still be appropriate.  As noted in the Court's prior Order [ECF No. 45 at 3–4], preservation orders are not issued as a matter of course and require a particularized showing that relevant evidence is at significant risk of loss or destruction absent judicial intervention.  See Impact Engine, Inc. v. Google LLC, No. 3:19-cv-01301-CAB-BGS, 2020 U.S. Dist. LEXIS 70534, at *2–3 (S.D. Cal. Apr. 21, 2020); see also Pueblo of Laguna, 60 Fed. Cl. at 138.  Plaintiff continues to seek preservation of broad categories of records across multiple entities, including non-parties.  Plaintiff still has not established a concrete legal basis for the Court to issue an ex parte preservation order directed at entities that are not parties to this action.  As previously explained, preservation orders are an extraordinary remedy requiring restraint and discretion.  (See ECF No. 45 at 3.)  Plaintiff's request for a preservation order remains overbroad and unsupported.

## IV.     CONCLUSION

A motion for reconsideration is a remedy that is applied sparingly to preserve the finality of judgments and conserve judicial resources.  See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  Plaintiff is hereby advised that such a motion is not a vehicle for reasserting arguments previously raised or for presenting speculative concerns unsupported by evidence.  The Court has now twice considered and rejected Plaintiff's requests for a preservation order based on substantially similar assertions.  Absent a meaningful showing of newly discovered evidence, clear error or manifest injustice, or an intervening change in controlling law, further motions seeking the same or similar relief will be deemed improper.  Plaintiff is further advised that the filing of repetitive, unsupported motions may result in the imposition of appropriate sanctions or other measures authorized under the Court's inherent authority to manage its docket.

25cv2934-AGS (MSB)

For the reasons set forth above, the Court **DENIES** Plaintiff's Renewed Motion for Preservation Order [ECF No. 53].  To reiterate, nothing in this Order should be construed to relieve any party of its obligations under applicable law to preserve evidence that is relevant to the claims and defenses in this action.  See Fed. R. Civ. P. 37(e).

**IT IS SO ORDERED**.

Dated:  April 3, 2026

_____

Honorable Michael S. Berg
United States Magistrate Judge

25cv2934-AGS (MSB)