UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alireza SALEMI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>Defendants. | Case No.: 25-cv-2934-AGS-MSB<br><br>**ORDER DENYING MOTIONS TO DISMISS (ECF 20, 21, 22), DENYING MOTION FOR LEAVE TO FILE OPPOSITION (ECF 57), AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF 61)** |

Unrepresented plaintiff Alireza Salemi alleges that various government entities are violating his constitutional rights. Defendants City of Carlsbad, San Diego County District Attorney's Office, and Encinitas Union School District moved to dismiss the complaint. But those motions are mooted by plaintiff's first amended complaint.

A plaintiff "may amend its pleading once as a matter of course" within "21 days after service" of the responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Plaintiff filed his first amended complaint past that deadline—just over a month after the responsive pleadings were filed. (*See* ECF 20, 21, 22 (motions to dismiss); ECF 44 (first amended complaint).) "In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Hupp v. San Diego County*, No. 12-cv-0492-GPC-RBB, 2014 WL 1404510, at *2 (S.D. Cal. Apr. 10, 2014). Yet it is "our obligation[], where the petitioner is *pro se,* particularly in civil rights cases, . . . to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up)). In keeping with that sentiment, courts sometimes extend unrepresented plaintiffs a one-time exception to court deadlines or rules. *See, e.g.*, *Fitzgerald v. GEM Funding, LLC*, No. 5:21-cv-8641-EJD, 2022 WL 18539354, at *1 (N.D. Cal. Jan. 28, 2022) (granting *pro se* litigant a "one-time extension" of deadline to allow him to "familiarize himself with the deadlines set out in the Civil Local Rules and the Federal Rules of Civil Procedure"); *Miletak v. Acuity Mut. Ins. Co.*, No. 22-cv-0633-BLF, 2022 WL 2119123,

1

at *3 (N.D. Cal. June 13, 2022) ("grant[ing]" *pro se* plaintiff "a one-time" "extension" and accepting a late filing). The Court will do so here and accept plaintiff's late-filed amended complaint. But plaintiff Salemi must immediately read and become familiar with the Federal Rules of Civil Procedure, this District's Civil Local Rules, and this Court's own Civil Chambers Rules. Plaintiff will not be afforded a second exception to this Court's orders or deadlines.

Because the Court has accepted the first amended complaint, it need not consider the original complaint nor any motions related to it. An "amended complaint supersedes the original complaint" and becomes the "operative pleading." *CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021) (cleaned up). So, "any previously-filed motions to dismiss are moot." *Hearn v. Truesdale*, No. 1:24-cv-00326-DCN, 2025 WL 711746, at *1 (D. Idaho Mar. 5, 2025); *see also Teed v. Chen*, No. 22-cv-02862-CRB, 2023 WL 2277104, at *3 n.3 (N.D. Cal. Feb. 28, 2023) ("Any motion to dismiss attacking an original complaint when an amended complaint has been filed is moot.").

Finally, plaintiff also requests leave to file a second amended complaint. (ECF 61, at 1.) This Court must "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[L]eave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). Leave to amend should only be denied when it "would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). Given the modest changes in the second amended complaint and the early stage of the litigation, the Court finds that the defense would suffer no unfair prejudice by responding to the latest complaint, nor would accepting that updated complaint unduly delay the proceedings. Furthermore, the main change reflected in the newest complaint—naming all the alleged defendants—is not a futile amendment. The already-filed second amended complaint is accepted.

Thus, the Court orders as follows:

1. The defense motions to dismiss are **DENIED** as moot.

2

2.  Plaintiff's request for leave to file an opposition is **DENIED** as moot.

3.  The already-filed opposition (ECF 59) is **STRICKEN**.

4.  Plaintiff's motion to file a second amended complaint is **GRANTED**. The second amended complaint (ECF 62) is accepted. By July 1, 2026, the defense must respond to—or file pre-answer motions to—the second amended complaint.

5.  Plaintiff Salemi must immediately read and become familiar with the Federal Rules of Civil Procedure, this District's Civil Local Rules, and this Court's own Civil Chambers Rules. The Local Rules and Chambers Rules are available on the Court's website.

Dated: June 17, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

3

25-cv-2934-AGS-MSB