DAMON M. BROWN, County Counsel (SBN 242265)
By: DAVID M. STOTLAND, Supervising Deputy (SBN 206514)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 335
San Diego, California 92101-2469
Telephone: (619) 531- 4873; Fax: (619) 531-6005
E-mail: David.Stotland@sdcounty.ca.gov

Attorneys for County of San Diego District Attorney's Office

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

ALIREZA SALEMI,

Plaintiff,

v.

CITY OF CARLSBAD; CARLSBAD POLICE DEPARTMENT; SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE; ENCINITAS UNION SCHOOL DISTRICT; JOHN DOES 1-10; unknown individuals, including law enforcement officers, school district employees, or agents in concert with Defendants; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; HOMELAND SECURITY (HSI), SAN DIEGO FIELD OFFICE; SAN DIEGO LAW ENFORCEMENT COORDINATION CENTER; CITY OF SAN DIEGO OF EMERGENCY SERVICES.

Defendant.

No. 25cv2934-AGS-MSB
Action Filed: 10/27/2025

**DEFENDANT COUNTY OF SAN DIEGO DISTRICT ATTORNEY'S OFFICE'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Dept.: 5C/2C
Judge: Hon. Andrew G. Schopler
Magistrate: Hon. Michael S. Berg

## I. INTRODUCTION

Plaintiff Alireza Salemi seems to have developed a pattern: he files a complaint, multiple government agencies go through the time and effort to move to dismiss the complaint, and after the motion is fully briefed but before this Court reaches a decision, he files or attempts to file an amended complaint. This happened with the original complaint, the first amended complaint, and the second amended complaint. Now, after motions to dismiss the second amended complaint are briefed but before the Court rules on it, he proposes to file a sprawling, nearly 200 page third amended complaint with even more pages of exhibits.

Though leave to amend should be liberally granted, this pattern of behavior is unnecessarily costing taxpayers a significant amount of money.

This Court will be in a better position to exercise control over this litigation if it defers ruling on the motion for leave to amend the complaint until after it decides the motion to dismiss the second amended complaint. That will let the Court excuse defendants that need not remain in the litigation, narrow causes of action to those that are properly before it, and if any of Salemi's case remains, the Court can provide direction to help Salemi provide a better, more narrowed complaint better suited to further litigation.

## II. STATEMENT OF FACTS

Salemi filed his original complaint on October 27, 2025. (ECF #1). The County moved to dismiss the original complaint on January 28, 2026. (ECF #21).

Salemi then filed a barrage of documents. He filed a motion regarding evidence preservation (ECF #26), a request for judicial notice of records (ECF #27), oppositions to motions (ECF #28-29), supplemental documents obtained from Public Records Act requests (ECF #30), more supplemental documents (ECF #31), a supplemental filing (ECF #32), an ex parte motion regarding document preservation (ECF #34), still more documents (ECF #39), a reply on the ex parte motion regarding preservation (ECF #42), and a late-filed declaration in opposition to one of the motions to dismiss (ECF #43).

/ / /

After the motion to dismiss the original complaint was fully briefed, but before the Court could rule on it, Salemi filed a First Amended Complaint on March 4, 2026 (ECF #44). Salemi then started filing documents. These included more records (ECF #46), a declaration (ECF #47), another declaration (ECF #48), more records (ECF #50), still more records (ECF #51), another notice (ECF #52), and a revised motion for preservation of evidence (ECF #53). The County responded to the barrage of records by explaining the problems with the FAC. (ECF #55). Salemi replied by filing yet more documents. This included a response (ECF #56), some sort of emergency motion (ECF #57), and another opposition to the County's original motion to dismiss (ECF #58).

After the motion to dismiss the FAC was fully briefed, but before the Court could rule on it, Salemi sought leave to file a Second Amended Complaint. (ECF #62). Salemi then filed several motions. (ECF #66; 67; 69). After the Court allowed the SAC, the County sought to dismiss it. (ECF #74). The parties fully briefed the motion to dismiss the SAC.

After the motion to dismiss the SAC was fully briefed, but before the Court could rule on it, Salemi sought leave to file a TAC. (ECF #90). The accompanying complaint is 109 pages long and includes a couple of hundred pages of exhibits.

Salemi offers no limit on how many times he will continue this behavior, waiting until all of the defendants in this case — a city, a county, a school district, and the U.S. Government among them — have expended the time and resources to move to dismiss his complaint, only for him to amend the complaint before the Court could rule on any of these motions to dismiss. The case is now a year old, with government entities needing to respond and monitor all of Salemi's various filings in this case without Salemi getting any direction about what causes of action he presents are valid and what aren't, or what defendants are proper and which ones aren't.

## III. DISCUSSION

Federal Rules of Civil Procedure, Rule 15(a)(2) liberally allows amendment of pleadings in the interest of justice. But this authority has some limits. "In deciding

whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 538 (9th Cir. 1989).

But when a court dismisses a complaint with leave to amend, the Court can exercise a bit more control. "When a court grants leave to amend for a specific purpose, courts routinely confine amendment to that purpose and decline to entertain new claims, new parties, or materially different theories introduced without authorization." *Clemmens v. Am. Honda Motor Co., Inc.,* 831 F. Supp. 3d 912, 922 (C.D. Cal. 2026). So, for instance, if the Court issues a final judgment associated with a motion to dismiss, the plaintiff must satisfy Rule 59 or 60 to amend, not the liberal standards in Rule 15. *BLOM Bank SAL v. Honickman*, 605 U.S. 204 (2025).

The Court could grant some much-needed relief, and uphold the principles underlying the Foman factors, by ruling on the motions to dismiss the SAC before defining what leave it intends to grant Salemi to amend again. Government entities would not have to suffer undue delay by waiting to have their arguments considered by the Court and possibly being relieved of this litigation. The Court could ensure that if Salemi's approach of waiting until motions to dismiss are fully briefed before filing yet another motion to amend were in bad faith or were dilatory, Defendants would not need to suffer unnecessarily.

Possibly most importantly, the Court could impose some order on this case, which seems to be more and more convoluted each time Salemi files an amendment. This will allow the case to move forward and not remain in limbo as Salemi files amendment after amendment.

/ / /

## IV. CONCLUSION

The Court should rule on the motion to dismiss Salemi's SAC before allowing him to file a TAC. With the benefit of the Court's ruling, hopefully Salemi could file an amended complaint (if permitted) that might have more of a chance of surviving a motion to dismiss without requiring the government entity defendants in this case to write motion after motion in response to Salemi's serial amendments.

DATED: November 13, 2026

DAMON M. BROWN, County Counsel

By s/*David M. Stotland*
DAVID M. STOTLAND, Supervising Deputy
Attorneys for County of San Diego
District Attorney's Office
E-mail: David.Stotland@sdcounty.ca.gov