ADAM GORDON
United States Attorney
GLEN F. DORGAN
Assistant U.S. Attorney
California Bar No. 160502
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7665
Fax: (619) 546-7751
Email: glen.dorgan@usdoj.gov

Attorneys for Defendant United States Department of Homeland Security

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALIREZA SALEMI,

Plaintiff,

v.

CITY OF CARLSBAD, *et al.*,

Defendants.

Case No.: 25-cv-02934-AGS-MSB

**DEFENDANT DHS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (ECF #90)**

Judge: Hon. Andrew G. Schopler

## I.

## SUMMARY OF OPPOSITION

Plaintiff's proposed Third Amended Complaint is an exercise in futility. It fails to cure the existing defects of the Second Amended Complaint, and it advances a government conspiracy claim so fanciful, bizarre, and implausible as to eliminate any possibility of subject matter jurisdiction. The Court, therefore, should deny Plaintiff's motion (ECF #90).[1]

///

[1] DHS takes no position regarding Plaintiff's motion to appoint a guardian ad litem (ECF #83) or his motion to file documents under seal (ECF #91).

## II.
## LEGAL STANDARD

Leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure is not automatic. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2020) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *See Pauma Band of Luiseno Mission Indians of Pauma & Yuima Rsrv. v. Unite Here Int'l Union*, 390 F. Supp. 3d 1219, 1228 (S.D. Cal. 2019) (internal citation and quotation omitted). And "[a] proposed amendment is futile if it leaves the court without subject matter jurisdiction." *Id.*

## III.
## ARGUMENT

### A. THE TAC FAILS TO CURE THE DEFECTS OF THE SAC

In his Second Amended Complaint ("SAC"), plaintiff alleges that he and his minor son are the victims of a "campaign of harassment" brought on by a number of local and county government entities. Plaintiff alleges that the United States Department of Homeland Security ("DHS") is involved in this campaign through grant payments and "intelligence-sharing." SAC (ECF #62), ¶¶ 15, 21, 24-26, 31.

DHS has sought dismissal of the SAC because (1) the Court lacks subject matter jurisdiction over Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, and (2) Plaintiff's negligence and intentional infliction of emotional distress claims are improperly pled against DHS, and (3) Plaintiff has failed to exhaust administrative remedies necessary to pursue an FTCA claim. *See* DHS' Motion to Dismiss (ECF #75).

Plaintiff's proposed TAC fails to cure these defects. It still improperly seeks to hold DHS liable under 42 U.S.C. § 1983 despite the absence of a waiver of sovereign immunity. *See* TAC (ECF #90-1), ¶¶ 63-64, 70, 77; *see also Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9ath Cir. 1993) ("A federal agency is immune from a section 1983 suit absent revocation of that immunity by Congress"). Even though the FTCA specifies that the United States is the only proper defendant in an FTCA suit, the TAC still

asserts state law tort claims against DHS. *See*, *e.g.*, TAC, ¶ 75; *see also Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). And, in any event, the Court lacks jurisdiction over these state law claims given Plaintiff's admission that he has not yet exhausted his administrative remedies—a jurisdictional defective that cannot be cured by amendment. *See* TAC, ¶ 76; *see McNeil v. United States*, 508 U.S. 106, 112 (1993).

Given the foregoing, Plaintiff cannot establish subject matter jurisdiction for his proposed TAC. The Court, therefore, should deny Plaintiff's motion for leave to amend on the basis that the proposed amendment is futile.

**B. THE TAC FAILS THE "SUBSTANTIALITY DOCTRINE" TEST**

Under the substantiality doctrine, a complaint is subject to dismissal if it "is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682, (1946). Indeed, federal courts lack subject matter jurisdiction over claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974) (internal quotation marks and citations omitted); *see Klat v. City of San Diego,* No. 26-CV-1293-TWR-DEB, 2026 WL 915026, at *2 (S.D. Cal. April 3, 2026) (citing *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985)).

Plaintiff's proposed TAC fails the test of the "substantiality doctrine." The TAC rests on the premise that dozens of unrelated federal, state, local, and private actors have participated for nearly a decade in a secret nationwide operation directed exclusively at Plaintiff and his son. According to the TAC, the operation includes covert home entries, poisoning campaigns, tampering with food and water supplies, coordination among law enforcement agencies, doctors, schools, hotels, employers, federal contractors, FBI personnel, DHS personnel, fusion-center analysts, CERT volunteers, and private citizens, all acting in concert while leaving virtually no objective evidence of the scheme. Those allegations are not merely implausible. They fall squarely within the class of factually irrational and wholly insubstantial allegations that federal courts routinely dismiss for lack of subject matter jurisdiction. *See Klat v. City of San Diego*, 2026 WL 915026 at *2

("Plaintiff continues to conclusorily allege an expansive conspiracy theory without providing any specific facts rendering her claims plausible"); *Grant v. Carns*, Case No. 22-cv-02932-SVK, 2022 WL 4775890, at *5 (N.D. Cal. Sept. 30, 2022) (Held allegations of a "decades-long government conspiracy that involved detaining and manipulating" the plaintiff were so "inherently implausible" as to be "precisely the kind of claims that are subject to dismissal for lack of subject-matter jurisdiction").

## IV.

## CONCLUSION

For the foregoing reasons, Defendant DHS respectfully requests that the Court deny Plaintiff's motion for leave to file a Third Amended Complaint.

DATED: November 25, 2026

Respectfully submitted,
ADAM GORDON

United States Attorney

*s/ Glen F. Dorgan*
GLEN F. DORGAN
Assistant United States Attorney

Attorneys for Defendants