Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
Sydney M. Gronroos (SBN 345644)
E-mail: sgronroos@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
CITY OF CARLSBAD (also sued as
CARLSBAD POLICE DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIREZA SALEMI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, CARLSBAD POLICE DEPARTMENT, SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE, ENCINITAS UNION SCHOOL DISTRICT, JOHN DOES 1-10 (Unknown Individuals, including Law Enforcement Officers, School District Employees, or Agents acting in concert with Defendants,<br><br>Defendants. | Case No. 3:25-cv-02934-AGS-MSB<br><br>**CITY OF CARLSBAD'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Judge: Honorable Andrew G. Schopler |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defedant CITY OF CARLSBAD (also sued as CARLSBAD POLICE DEPARTMENT) hereby submits their Opposition to Plaintiff's Motion for Leave to file Third Amended Complaint (Docket Nos. 90, and 91).

Dated: November 25, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: *_/s/ Sydney M. Gronroos_*
Nathan A. Oyster
Caylin W. Jones
Sydney M. Gronroos
Attorneys for Defendant
CITY OF CARLSBAD

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Alireza Salemi, proceeding pro se, brings this action under 42 U.S.C. § 1983 and various state-law theories against the City of Carlsbad, the Carlsbad Police Department, and other public entities, alleging a years-long, expansive conspiracy. Plaintiff seeks leave to file a Third Amended Complaint (hereinafter "TAC") that is not a modest revision to the Second Amended Complaint, but completely transforms this litigation.

Plaintiff's proposed Third Amended Complaint (hereinafter "TAC") seek to add Kimberly Young as well numerous City of Carlsbad Police officers including the following: Officer Shane Haecker, Officer Bryan Eyestone, Officer Matthew Franklin, and Officer Phuong Do. Plaintiff also added Chief Christie Calderwood and Lieutenant Eric Kovanda. The proposed TAC dramatically expands the action by adding numerous new defendants, including individual officers and policymakers; asserting multiple new federal statutory and constitutional theories; introducing hundreds of pages of new allegations and exhibits; and attempting to inject entirely new factual narratives spanning nearly a decade.

Plaintiff's motion should be denied for the following reasons:

1. Plaintiff has not alleged facts demonstrating that Kimberly Young proclaimed municipal policy, exercised final policymaking authority, or caused any constitutional deprivation through an official policy.

2. Plaintiff's claims and addition of the Officer Defendants are futile to the extent they are premised on alleged failures to investigate, protect, or intervene. It is well settled that there is no constitutional right to a police investigation or to law-enforcement action taken to a citizen's satisfaction, and alleged government inaction—without more—cannot give rise to liability under § 1983.

3. Plaintiff has repeatedly failed to cure the defects of his pleadings.

/ / /

4. The Action is duplicative to *Alireza Salemi v. US Department of Homeland Security*, *et al.*, Case No. 3:25-cv-03387-AGS-GC.

## II. **LEGAL STANDARD**

"A district court need not grant leave to amend where the amendment: (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal." *Woods v. First Am. Title, Inc.*, No. CV111284GHKVBKX, 2011 WL 13218022, at 2 (C.D. Cal. Sept. 20, 2011).

## III. **PLAINTIFF'S PROPOSED AMENDMENTS**

In his proposed Third Amended Complaint (TAC), Plaintiff seeks to add numerous City of Carlsbad employees. Plaintiff's proposed TAC added Kimberly Young. *See TAC* at ¶17. Plaintiff alleged Ms. Young to be the City's Assistant Director of Emergency Services in charge of overseeing the City's participating in FEMA Homeland Security Grant Program and Urban Area Security Initiative. Id. Plaintiff also alleges that Ms. Young was the Carlsbad CERT Program Manager, and former president of InfraGard San Diego Members Alliance. *Id*. Plaintiff contends that from 2015 to present, he and his minor son have been subjected to a continuing campaign of physical assaults, poisoning, property sabotage, and coordinated in person harassment. *Id*. at ¶25. Plaintiff alleges that Kimberly Young was a participant in this campaign due to trained personnel being under her "direction." *Id*. Plaintiff asserts she "managed, developed, and delivered twice-monthly briefings, presentations, trainings, and exercises on current and emerging threats ... in coordination with FBI San Diego, the Department of Homeland Security, and the San Diego Law Enforcement Coordination Center" to "nearly 3,000 members" including private businesses, hotels, and service providers. *Id*. at ¶60(A)(b).

Plaintiff further alleges that Kimberly Young's signing of Carlsbad's FY2023 UASI/SHSP grant face sheet as authorized agent, her August 9, 2022 adoption of the County Operational Area Emergency Operations Plan as Carlsbad's Unified Disaster Council representative, and her November 14, 2024 UA WG vote as Carlsbad's sole UAWG representative, approving FY25 UASI allocations the final vote at which "UAWG approves projects and allocations" (FY25 UASI Guidance§ 11) - each constitute official City of Carlsbad policy. *Id*. at ¶66(d).

Plaintiff's TAC also seeks to add Officer Shane Haecker. *Id*. at ¶18. Plaintiffs alleges Officer Haecker mishandled his October 16, 2025 suspected-poisoning report which Plaintiff alleges the Carlsbad Police Department took no investigative action. *Id*. at ¶18. Additionally, Plaintiff attempts to add CPD Officer Brian Eyestone to this action by alleging Officer Eyestone mishandled Plaintiff's November 10, 2025 and September 2, 2025 dental assault which was allegedly classified as a civil matter. *Id*. at ¶19. Similarly to Kimberly Young, Plaintiff's TAC seeks to add Chief of Police Christie Calderwood as a final policymaking official for CPD. *Id*. at ¶20. The proposed TAC also alleges that CPD Officers Matthew Franklin and Phuong Do refused to investigate his report that he had been followed and his residence had been damaged. *Id*. at ¶21. Finally, Plaintiff attempts to add CPD Lieutenant Eric Kovanda to the pleading by alleging he refused to open a criminal case on Plaintiff's dental laser assault. *Id*. at ¶21.

## IV. <u>PLAINTIFF'S ATTEMPT TO ADD KIMBERLY YOUNG AS A DEFENDANT SHOULD BE DENIED WHERE AMENDMENT IS FUTILE.</u>

In his proposed Third Amended Complaint Plaintiff seeks to add Kimberly Young as a Defendant and asserts she participated in the Enterprise through three documented official policy acts constituting the moving force of the Carlsbad enterprise node. A city answers only when action pursuant to official municipal policy caused the constitutional tort. *Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999).

The official-policy requirement separates acts of the municipality from acts of its employees, so liability is limited to conduct for which the municipality is actually responsible. *Id*. The Ninth Circuit therefore requires a plaintiff to show a deliberate policy, custom, or practice that was the moving force behind the violation *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631 (9th Cir. 2012). Plaintiffs must also show that the qualifying circumstance was the cause in fact and the proximate cause of the deprivation. *Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996).

*Gillette v. Delmore,* 979 F.2d 1342 (9th Cir. 1992) sets out three routes to municipal liability. The first is a violation committed under a formal policy or a longstanding practice that is the entity's standard operating procedure. The second is a violation committed by an official with final policymaking authority, so that the act itself is official policy. The third is ratification by an official with final policymaking authority of a subordinate's unconstitutional decision and the basis for it. *Id.*

Some independence or discretion does not make an employee a final policymaker unless the decisions are final, unreviewable, and unconstrained by superiors' policies *Chung v. Cnty. of Santa Clara*, 614 F. Supp. 3d 709 (N.D. Cal. 2022). In *Gagne v. City of Mesa,* No. CV-24-01337-PHX-SHD, 2025 WL 2257508 (D. Ariz. Aug. 6, 2025), the court dismissed a final-policymaker theory against a police chief. The plaintiffs identified no charter or ordinance provision vesting policymaking authority in him, and the charter placed policymaking authority in the city council and made the chief subject to the city manager's direction. *Id*.

Here, Plaintiff identifies no City provision, municipal code section, ordinance, resolution, or delegation of authority establishing that Kimberly Young possessed final policymaking authority on behalf of the City of Carlsbad. The TAC relies entirely on her alleged role as an emergency-services official and regional participant in emergency-management organizations. Those allegations fall far short of plausibly establishing that her actions constituted official municipal policy for

purposes of § 1983. The TAC still fails to identify a municipal policy directing constitutional violations, deliberate indifference, surveillance of Plaintiff, retaliation, assaults, or any deprivation of constitutional rights. Allegations concerning grants, emergency planning, CERT programs, and regional intelligence-sharing do not plausibly establish that the City adopted a policy causing the alleged injuries.

Because Plaintiff has not alleged facts demonstrating that Kimberly Young proclaimed municipal policy, exercised final policymaking authority, or caused any constitutional deprivation through an official policy, the proposed amendment does not cure the deficiencies previously identified in Plaintiff's claims against the City of Carlsbad. Accordingly, Plaintiff's request to add Kimberly Young as a Defendant is futile, and leave to amend should be denied.

## V. PLAINTIFF'S ATTEMPT TO ADD THE INDIVIDUAL CARLSBAD POLICE OFFICERS AS DEFENDANTS SHOULD BE DENIED WHERE THE AMENDMENTS ARE FUTILE.

Plaintiff's proposed TAC, attempts to add the following Carlsbad Police Department officers: Officer Shane Haecker, Officer Bryan Eyestone, Officer Matthew Franklin, and Officer Phuong Do. Plaintiff also added Chief Christie Calderwood and Lieutenant Eric Kovanda. Plaintiff's allegations concerning the Officer Defendants themselves are limited largely to assertions that the officers failed to investigate his complaints, dismissed his reports, or declined to take enforcement action. Even accepting these allegations as true, a municipality's failure to investigate or to provide police protection does not, standing alone, constitute a constitutional violation.

The central problem for the proposed amendment is that an inadequate police investigation, standing alone, does not state a § 1983 claim. In *Gomez v. Whitney*, 757 F.2d 1005 (9th Cir. 1985), the Ninth Circuit rejected a claimed due process right to a full and fair police investigation. The court found no case recognizing inadequate investigation as a civil rights claim unless another recognized

constitutional right was involved. *Id. Gini v. Las Vegas Metropolitan Police Department,* 40 F.3d 1041 (9th Cir. 1994) held that police have no affirmative obligation to investigate a crime in a particular way, or to protect one citizen from another, even when one citizen deprives the other of liberty or property.

The Ninth Circuit has consistently held that § 1983 does not impose liability on a municipality merely because its employees failed to investigate, declined to act, or exercised discretion in responding to a citizen's complaints, absent the deprivation of an independent constitutional right. *Gomez*, 757 F.2d at 1006. ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *See also Huffman v. County of Los Angeles*, 147 F.3d 1054, 1059–61 (9th Cir. 1998) (holding that a municipality's failure to prevent or protect against private violence, absent affirmative conduct creating a danger, does not violate the Due Process Clause). Here, Plaintiff alleges no facts showing that the City of Carlsbad or any of its employees affirmatively created or increased a danger to Plaintiff or his son. Instead, Plaintiff alleges only that law enforcement failed to investigate his complaints, dismissed his reports, or did not intervene to stop alleged conduct by third parties. Such allegations, even if assumed to be true, are insufficient as a matter of law to state a constitutional claim under § 1983.

To the extent Plaintiff relies on a state-created danger theory, the TAC likewise fails. Plaintiff does not allege that the City affirmatively created or increased a specific danger to him or his son. Allegations that City officials failed to intervene, failed to investigate, or failed to prevent harm caused by third parties describe nonfeasance, not the affirmative conduct required to support a state-created danger claim. Absent allegations of affirmative action by the City that placed Plaintiff in a worse position than he otherwise would have faced, no constitutional claim is stated.

/ / /

Accordingly, Plaintiff's request to add the City of Carlsbad Officer Defendants to the lawsuit is futile, and leave to amend should be denied.

## VI. PLAINTIFF FAILS TO CURE THE DEFECTS

This is not Plaintiff's first attempt to amend. Plaintiff has already filed multiple versions of his complaint and has repeatedly revised his allegations. The motion itself demonstrates that Plaintiff seeks amendment largely in response to arguments raised by Defendants challenging the sufficiency of the existing pleading. Repeated failure to cure is a recognized ground for denying leave, and the court's discretion is particularly broad once the plaintiff has already amended. *Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981 (9th Cir. 2009). Dismissal without leave is proper only if the complaint clearly could not be saved by amendment, and the court must act on a reasoned basis. *Eminence Cap., LLC v. Aspeon, Inc*., 316 F.3d 1048 (9th Cir. 2003).

Repeated opportunities to amend weigh against granting further leave where Plaintiff continues to present implausible and conclusory allegations and fails to establish a cognizable basis for liability. Plaintiff has already had ample opportunity to present his best case. As a result, Plaintiff should not be granted leave to file his TAC.

## VII. PLAINTIFF'S TAC SHOULD BE DISMISSED AS DUPLICATIVE.

Plaintiff Salemi has previously filed a complaint for damages in the Central District (*Alireza Salemi v. City of Carlsbad, et al*., Case No. 3:25-cv-02934-AGS-MSB) regarding the same claims alleged in the FAC before this Court.

The prohibition against claim splitting bars subsequent litigation involving the same subject matter *Single Chip Systems Corp. v. Intermec IP Corp.,* 495 F.Supp.2d 1052, 1058 (S.D.Cal.2007), and is designed "to protect the defendant from being harassed by repetitive actions based on the same claim." *Clements v. Airport Auth. of Washoe County,* 69 F.3d 321, 328 (9th Cir.1995).

/ / /

In assessing whether a suit is duplicative, Ninth Circuit case law looks to the causes of action asserted, the relief sought, and the parties to the action. *See Adams v. Cal. Dep't of Health Servs.,* 487 F.3d 684, 689 (9th Cir.2007) (overruled on other grounds by *Taylor v. Sturgell,* 553 U.S. 880, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)). A suit is deemed duplicative if the claims, parties and available relief do not vary significantly between the two actions. *Id.*

The singularity of successive causes of action is determined by reference to the so-called “transaction test”. *Id.* That test entails consideration of four criteria; namely, 1) whether the rights or interests established in the initial action would be impaired by prosecution of a second suit; 2) whether substantially the same evidence would be presented in both actions; 3) whether both suits involve infringement of the same right; and 4) whether both suits arise out of the same transactional nucleus of facts. *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.1982). The last factor has been deemed the most important. *Id.* at 1202. The inherent power to manage the Court's own docket permits it to order dismissal of duplicative claims in order to foster judicial economy and the “comprehensive disposal of litigation”. *See, e.g., Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 627–28 (9th Cir.1991).

Both actions at issue here stem from the alleged “RICO enterprise” conspiracy. The claims appear identical and arise from the same alleged misconduct as to the City of Carlsbad. Plaintiff alleges the same factual allegations that the Carlsbad Police Department and its employees failed to investigate his complaints. However, as discussed above, this allegation does not impose liability on the City of Carlsbad and, therefore, cannot be a basis to state a claim against the City of Carlsbad. As a result, the Court should deny Plaintiff’s Motion for Leave to File TAC.

/ / /

/ / /

### A. DEFENDANTS WOULD BE PREJUDICED IF LEAVE TO FILE PLAINTIFF'S TAC WERE GRANTED

The proposed TAC dramatically expands the scope of this action by adding extensive new factual allegations, additional defendants, additional Doe defendants, new legal theories, and hundreds of pages of allegations.

Permitting amendment would require existing Defendants to address a two lawsuit nearly identical to each other. This would cause duplicative costs and resources unduly prejudicial to Defendants. Because the proposed amendment remains legally deficient and would substantially prejudice Defendants, leave to amend should be denied.

## VIII. CONCLUSION

For the foregoing reasons, the City of Carlsbad respectfully requests that the Court deny Plaintiff's Motion for Leave to File TAC.

Dated: November 25, 2026 BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Sydney M. Gronroos*
Nathan A. Oyster
Caylin W. Jones
Sydney M. Gronroos
Attorneys for Defendant
CITY OF CARLSBAD (also sued as CARLSBAD POLICE DEPARTMENT)