**DEVANEY PATE MORRIS & CAMERON, LLP**
William C. Pate (SBN 206983)
wpate@dpmclaw.com
Marley A. Smith (SBN 356724)
msmith@dpmclaw.com
402 W. Broadway, Suite 1300
San Diego, CA 92101
Telephone: 619-354-5030
Facsimile: 619-354-5035

Attorneys for Defendant ENCINITAS UNION SCHOOL DISTRICT

***Exempt from filing fees***
***Govt. Code §§ 6103 & 26857***

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALIREZA SALEMI,

Plaintiff,

v.

CITY OF CARLSBAD, CARLSBAD POLICE DEPARTMENT, SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE, ENCINITAS UNION SCHOOL DISTRICT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, HOMELAND SECURITY-SAN DIEGO FIELD OFFICE, SAN DIEGO LAW ENFORCEMENT COORDINATION CENTER, CITY OF SAN DIEGO EMERGENCY SERVICES,

Defendants.

Case No.: 25-cv-2934-AGS-GC

**DEFENDANT ENCINITAS UNION SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Judge: Hon. Andrew G. Schopler

## I. INTRODUCTION

Plaintiff Alireza Salemi ("Plaintiff") seeks leave to file a Third Amended Complaint ("TAC"). Defendant Encinitas Union School District ("District") respectfully requests that the Court deny Plaintiff's request. As observed by the County of San Diego District Attorney's Office ("County District Attorney"), Plaintiff has developed a pattern of filing successive complaints against multiple government agencies, prompting each agency to expend substantial time and resources briefing motions to dismiss, only for Plaintiff to file

another amended complaint before the Court rules on those motions. The proposed TAC exceeds 200 pages and includes hundreds of pages of exhibits, further complicating an already unnecessarily protracted pleading process.

Plaintiff has employed a similar pattern in the related action pending before this Court, Case No. 3:25-cv-03387-AGS-GC. There, Plaintiff has also attempted to file multiple amended complaints, named largely the same government agencies as defendants, and asserted similar factual allegations and causes of action. Considered together, Plaintiff's repeated amendments raise serious concerns regarding his diligence and whether he is using the amendment process to delay resolution of the pending motions to dismiss.

The District respectfully requests that the Court deny Plaintiff's request for leave to amend and proceed to rule on the pending motions to dismiss the operative Second Amended Complaint ("SAC"). Doing so will allow the Court to address the threshold jurisdictional and pleading deficiencies already briefed by the parties, potentially narrow the number of defendants and claims remaining in this action, and prevent further unnecessary expenditure of judicial and governmental resources. Should any claims survive the pending motions, Plaintiff may proceed on a more focused complaint addressing the claims that are legally sufficient to remain in this litigation.

## II. PROCEDURAL HISTORY

Plaintiff filed his original Complaint on October 27, 2025. [Dkt. No. 1.] On February 2, 2026, the District filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that the Court lacked subject matter jurisdiction and that Plaintiff failed to state a claim upon which relief could be granted. [Dkt. No. 22.] Plaintiff opposed the District's motion on February 6, 2026 [Dkt. No. 29], and the District filed its reply on February 20, 2026. [Dkt. No. 35.]

Before the Court ruled on the District's motion, Plaintiff filed a motion for leave to file an amended complaint on May 11, 2026, along with a proposed amended complaint. [Dkt. Nos. 61–62.] On June 17, 2026, the Court denied the defendants' pending motions to dismiss as moot in light of Plaintiff's newly filed pleading and granted Plaintiff leave to







DPMC | Devaney Pate Morris & Cameron LLP

DPMC | Devaney Pate Morris&Cameron LLP

proceed with his Second Amended Complaint. [Dkt. No. 64.]

On July 1, 2026, the District filed another motion to dismiss, again pursuant to Rules 12(b)(1) and 12(b)(6), asserting substantially the same jurisdictional and pleading deficiencies raised in its initial motion. [Dkt. No. 73.] In other words, Plaintiff's amended pleading did not resolve the fundamental deficiencies identified in the District's original motion. Plaintiff filed his opposition on August 31, 2026 [Dkt. No. 81], and the District filed its reply on September 16, 2026. [Dkt. No. 88.]

On October 30, 2026, before the Court ruled on the pending motions to dismiss, Plaintiff again sought leave to amend, this time requesting permission to file a Third Amended Complaint exceeding 200 pages and accompanied by numerous exhibits. [Dkt. No. 90.] On the same date, the Court noted that Plaintiff had not obtained hearing dates for his pending motions. [Dkt. No. 93.] Nevertheless, the Court permitted Plaintiff's motion to proceed and established a briefing schedule, requiring the District to expend additional resources responding to yet another proposed pleading.

Plaintiff has provided no indication that this will be his final request for leave to amend. His successive amendments have repeatedly interrupted the briefing and adjudication of the defendants' motions to dismiss, preventing the District from obtaining a ruling on threshold legal issues and delaying the litigation. The District now requests that the Court put an end to this cycle and address the pending motions before permitting further amendments.

## III. LEGAL STANDARD FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend pleadings when justice so requires. However, this liberal policy does not require courts to permit amendments under all circumstances. In determining whether leave to amend is appropriate, courts consider whether there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. . ." *Foman v. Davis,* 371 U.S.

178, 182 (1962).

Although Rule 15 favors liberal amendment, "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Moreover, the Ninth Circuit recognizes that a district court's discretion to deny leave to amend is particularly broad where a plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990).

## IV. ARGUMENT

### A. Plaintiff has Demonstrated Bad Faith in his Amended Complaints

A plaintiff's bad faith or dilatory motive is a recognized basis for denying leave to amend under Rule 15. *Foman*, 371 U.S. at 182. Courts may consider whether a plaintiff's proposed amendment is intended to prolong litigation rather than meaningfully address the deficiencies in the existing pleading. See *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999); *Fresno Unified School District v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1178–79 (E.D. Cal. 2013).

Here, Plaintiff's litigation conduct demonstrates a repeated pattern of filing amended complaints before the Court can resolve the defendants' pending motions to dismiss. The District has now been required to prepare two separate motions to dismiss addressing substantially similar jurisdictional and pleading deficiencies. Each time the District completed its briefing, Plaintiff sought to introduce another amended complaint, effectively restarting the pleading process and delaying a ruling on the pending motions.

This pattern is particularly concerning given Plaintiff's conduct in the related action, Case No. 3:25-cv-03387-AGS-GC, where he has similarly sought multiple amendments while asserting substantially similar allegations against many of the same government agencies. Plaintiff's conduct across these related proceedings suggests that he is not simply attempting to correct isolated pleading deficiencies, but is repeatedly changing the operative pleadings in a manner that prevents the defendants' motions from being adjudicated.



DPMC | Devaney Pate Morris & Cameron LLP

The District recognizes that a plaintiff should ordinarily be afforded an opportunity to correct deficiencies in a complaint. However, that opportunity should not become an endless cycle in which defendants are required to repeatedly brief substantially similar motions without receiving a ruling. Plaintiff's continued amendments have already delayed this litigation and have imposed unnecessary costs on the District and the other governmental defendants. The Court should consider this pattern when evaluating whether further amendment is consistent with the interests of justice.

**B. Plaintiff has Not Cured the Errors in His Former Complaints and the Third Amended Complaint is Subject to Dismissal**

Another recognized basis for denying leave to amend is a plaintiff's repeated failure to cure deficiencies through amendments previously allowed. *Foman*, 371 U.S. at 182. Although Plaintiff has already amended his pleading, the District's pending motion to dismiss demonstrates that the SAC continues to suffer from fundamental jurisdictional and pleading deficiencies. Plaintiff's proposed TAC does not cure the errors in the TAC's predecessors.

The District previously identified deficiencies in Plaintiff's original Complaint through its February 2, 2026 motion to dismiss. [Dkt. No. 22.] Plaintiff subsequently amended his pleading, yet the District was required to raise substantially similar arguments in its July 1, 2026 motion to dismiss the SAC. [Dkt. No. 73.] This demonstrates that Plaintiff's prior amendment did not meaningfully resolve the deficiencies identified by the District.

The proposed TAC does not warrant another opportunity to restart the litigation merely because Plaintiff has added hundreds of pages of allegations and exhibits. The relevant inquiry is not the volume of material Plaintiff has submitted, but whether the proposed amendments actually cure the legal deficiencies identified in the pending motion to dismiss. The TAC continues to assert claims that fail to establish subject matter jurisdiction or otherwise fail to state a legally cognizable claim, those claims remain subject to dismissal.



DPMC | Devaney Pate Morris & Cameron LLP

The District has already briefed these issues twice and has provided Plaintiff with ample notice of the deficiencies in his pleadings. Rule 15 does not require the Court to continue granting leave where successive amendments fail to resolve the fundamental problems with a plaintiff's claims. Accordingly, Plaintiff's repeated failure to cure the deficiencies identified by the District weighs against granting further leave to amend.

## V. CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court deny Plaintiff's Motion for Leave to File a Third Amended Complaint. Plaintiff has repeatedly amended his pleadings without resolving the fundamental deficiencies identified by the District, delayed the adjudication of pending motions, and imposed unnecessary costs and burdens on the governmental defendants. The Court should permit the pending motions to dismiss to be resolved before allowing Plaintiff another opportunity to amend and further prolong this litigation.

Dated: November 25, 2026

DEVANEY PATE MORRIS & CAMERON, LLP

By: */s/ William C. Pate*
William C. Pate
Marley A. Smith
Attorneys for Defendant
ENCINITAS UNION SCHOOL DISTRICT



DPMC | Devaney Pate Morris & Cameron LLP